Desmond D. MILLER, Sr. *v.* STATE of Arkansas

CA CR 06-387                                             248 S.W.3d 487

Court of Appeals of Arkansas
Opinion delivered January 31, 2007

*John F. Gibson, Jr.,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Farhan Khan,* Ass't Att'y Gen., for appellee.

DAVID M. GLOVER, Judge. Appellant, Desmond Miller, was tried by a jury and, although charged with rape, was found guilty of the lesser-included offense of sexual assault in the first degree. He was sentenced to thirty years in the Arkansas Department of Correction. For his sole point of appeal, appellant contends that the trial court abused its discretion in refusing to allow the jury to consider alternative punishment. We agree that the trial court abused its discretion because it refused, as a matter of policy rather than as an

exercise of discretion, to allow the jury to consider alternative punishment. However, because we conclude that appellant was not prejudiced by the trial court's action, we affirm the conviction.

Arkansas Code Annotated section 16-97-101 (Repl. 2006) deals with bifurcated sentencing procedures. It provides in pertinent part:

> The following procedure shall govern jury trials which include any felony charges:
>
> (1) The jury shall first hear all evidence relevant to every charge on which a defendant is being tried and shall retire to reach a verdict on each charge;
>
> (2) If the defendant is found guilty of one (1) or more charges, the jury shall then hear additional evidence relevant to sentencing on those charges. Evidence introduced in the guilt phase may be considered, but need not be reintroduced at the sentencing phase;
>
> (3) Following the introduction of additional evidence relevant to sentencing, if any, instruction on the law, and argument, the jury shall again retire and determine a sentence within the statutory range;
>
> (4) *The court, in its discretion, may also instruct the jury that counsel may argue as to alternative sentences for which the defendant may qualify. The jury, in its discretion, may make a recommendation as to an alternative sentence. However, this recommendation shall not be binding on the court;*
>
> (5) After a jury finds guilt, the defendant, with the agreement of the prosecution and the consent of the court, may waive jury sentencing, in which case the court shall impose sentence; and
>
> (6) After a plea of guilty, the defendant, with the agreement of the prosecution and the consent of the court, may be sentenced by a jury impaneled for purposes of sentencing only.

(Emphasis added.)

Here, defense counsel sought to have the jury instructed on alternative punishment. The State objected. The trial court denied the defense request for the instruction, explaining: "[T]his court, ever since the legislature adopted the truth in sentencing statutes,

has declined to give alternative sentence and verdict forms where the offense that is being dealt with is above the transfer eligibility line on the sentencing chart. And I think this one is." Defense counsel then asked the court to consider the issue on a case-by-case basis and at least let the jury make a recommendation to the court. The trial court responded:

> Well, I'm going to stick with my policy. . . . I will listen to it, but I'm not, I'm not going to allow argument to the jury on it. Now, I will listen to it depending on what the jury does. Okay? And I think I still have discretion in that regard. But I'm not going to submit the issue to the jury — because of the level of offense that it is.

Although the case of *Rodgers v. State*, 348 Ark. 106, 71 S.W.3d 579 (2002), is distinguishable from the instant case, the general proposition of *Rodgers* is clear, and it applies here: The mechanical imposition of the jury's recommended sentence, or as is true here, an unwavering court policy refusing to instruct the jury on alternative sentences with respect to certain offenses, is not an exercise of discretion. Arkansas Code Annotated section 16-97-101(4) (Repl. 2006) clearly does not require that the jury be instructed on alternative sentences, but it does call for an exercise of the trial court's discretion. That was not done in this case because the trial court imposed its unvarying policy of declining "to give alternative sentence and verdict forms where the offense that is being dealt with is above the transfer eligibility line on the sentencing chart." Consequently, the court's actions amounted to an abuse of discretion.

However, it is axiomatic that some prejudice must be shown in order to find grounds to reverse a conviction. *Morgan v. State*, 359 Ark. 168, 195 S.W.3d 889 (2004); *see also Berna v. State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied*, 470 U.S. 1085 (1985) (announcing the rule that no longer is it presumed that simply because an error is committed it is prejudicial error). Stated differently, we do not reverse a decision by the trial court absent a showing of prejudice. *Morgan, supra*.

■ We have concluded that appellant was not prejudiced by the trial court's action in the instant case. The jury sentenced appellant to the maximum amount of time for the offense of sexual assault in the first degree, making it highly unlikely that the jury would have recommended the alternative punishment of proba-

tion even if they had been presented with the alternative-punishment instruction sought by appellant.

■ Finally, we note that appellant makes essentially a one-sentence statement that he was denied due process and equal treatment under the law by the trial court's refusal to allow the jury to consider alternative punishment. To the extent that he is making such an argument on appeal, it was not preserved below and cannot now be argued on appeal. We will not consider arguments raised for the first time on appeal. *Ainsworth v. State*, 367 Ark. 353, 240 S.W.3d 105 (2006).

Affirmed.

ROBBINS and MILLER, JJ., agree.