Michael Anthony BENJAMIN *v.* STATE of Arkansas

CA CR 07-1230                              285 S.W.3d 264

Court of Appeals of Arkansas
Opinion delivered May 28, 2008

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Michael Anthony Benjamin was convicted in a jury trial of two counts of delivery of a controlled substance, methamphetamine. He was sentenced to two consecutive twenty-five year prison terms and fined $40,000. Mr. Benjamin now appeals, raising three arguments for reversal. First, he argues that there was insufficient evidence to support his convictions. Next, he contends that the trial court abused its discretion by refusing to give a jury instruction on probation. Finally, Mr. Benjamin argues that his sentences violated the Eighth Amendment of the United States Constitution as well as Article two, section nine of the Arkansas Constitution. We affirm.

Because of double-jeopardy concerns, we consider challenges to the sufficiency of the evidence before addressing other arguments. *Saul v. State*, 92 Ark. App. 49, 211 S.W.3d 1 (2005). When the sufficiency of the evidence is challenged, we consider only the evidence that supports the verdict, viewing the evidence

in the light most favorable to the State. *LeFever v. State*, 91 Ark. App. 86, 208 S.W.3d 812 (2005). The test is whether there is substantial evidence to support the verdict, which is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another. *Id*. On review, this court neither weighs the evidence nor evaluates the credibility of witnesses. *Cluck v. State*, 91 Ark. App. 220, 209 S.W.3d 428 (2005).

Officer Kevin Roper of the Drug Task Force testified that he was working in Washington County on April 19, 2006, when a controlled methamphetamine buy occurred. The confidential informant was George Smith, who had arranged to buy methamphetamine from Mr. Benjamin. According to Officer Roper, Mr. Smith's person and his vehicle were searched for narcotics, and he was given $100 in buy money. Mr. Smith was equipped with a wire transmitter, and the police followed him in an unmarked car to a gas station where the drug deal was to take place.

Officer Roper testified that he parked at the gas pumps and observed a transaction between appellant and Mr. Smith from a distance of about twenty feet. The two men met on a sidewalk and made an exchange, and then talked for eight or ten minutes before returning to their respective vehicles. The police listened to their conversation through the audio wire, and then followed the confidential informant to a predetermined location. The police again searched Mr. Smith, and the $100 in buy money was not found. Mr. Smith turned over a small bag containing a substance later determined by the crime lab to be 0.7912 grams of methamphetamine.

The second controlled buy occurred on April 25, 2006, and this time Mr. Smith arranged to meet appellant at a grocery store parking lot. Officer Justin Ingram gave assistance, and the police again followed Mr. Smith to the location of the transaction after conducting a search and supplying him with buy money. According to Officer Ingram, the two men conducted the deal in Mr. Benjamin's car while Officer Ingram listened to their conversation through the wire transmitter and observed from a distance of about thirty feet. After the transaction, the police followed Mr. Smith to a predetermined location where he gave them a bag containing what was later determined by the crime lab to be 0.7716 grams of methamphetamine.

Mr. Smith's testimony about the two transactions was consistent with the officers' testimony. He stated that on the first

occasion, he walked up and gave Mr. Benjamin $100 in exchange for a "gram of ice, which is the purest form of methamphetamine." Mr. Smith indicated that he made the same purchase again while dealing with Mr. Benjamin inside his car during the subsequent transaction. Mr. Smith testified that he also purchased methamphetamine from appellant on a couple of occasions prior to the controlled buys.

Officer Josh McConnell testified that he gave assistance during both controlled buys. He stated that on each occasion he was able to hear slang talk evidencing a drug deal. On cross-examination, Officer McConnell acknowledged that in his first police report of the April 19, 2006, incident, he referred to the suspect as a "WM, which stands for white male," when in fact Mr. Benjamin is black. He stated that he used the "WM" designation six times in the first report, and also six times in a second report. However, Officer McConnell explained that these were simply typographical errors because he deals with white suspects the majority of the time, and that he was used to typing "WM." He noted that in his report he correctly spelled out "black male" when he was not abbreviating.

We first address Mr. Benjamin's argument that there was insufficient evidence to support his two convictions for delivery of a controlled substance, methamphetamine. A "controlled substance" is defined as "a drug, substance, or immediate precursor in schedules I through VI." Ark. Code Ann. § 5-64-101(5) (Repl. 2005). The Director of the State Health Department is given authority to designate controlled substances under Ark. Code Ann. § 5-64-201 (Repl. 2005). Mr. Benjamin's conviction was pursuant to Ark. Code Ann. § 5-64-401(a)(1)(A)(i) (Repl. 2005), which provides that it is unlawful to deliver a "controlled substance classified in Schedule I or Schedule II that is a narcotic drug or methamphetamine[.]" Mr. Benjamin argues that, strictly construing the statutes, the State failed to present evidence that he delivered a substance that the Director has placed in either Schedule I or Schedule II.

We hold that this particular argument was not raised below and is thus not preserved for review. A directed verdict motion is treated as a challenge to the sufficiency of the evidence and requires the movant to inform the trial court of the specific basis on which the motion is made. *Abshure v. State*, 79 Ark. App. 317, 87 S.W.3d 822 (2002). Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change

the grounds for an objection on appeal, but are bound on appeal by the scope and nature of the objections and arguments presented at trial. *Id.*

When Mr. Benjamin made his directed verdict motion, he argued only that there was insufficient evidence that he was the person who delivered the methamphetamine. He did not argue that there was a lack of proof that methamphetamine was a Schedule I or II controlled substance. Because Mr. Benjamin did not apprise the trial court of this specific argument, he is barred from raising it on appeal. *See Abshure, supra.* Had he properly raised this as an issue, the trial court could have taken judicial notice that methamphetamine is a Schedule II controlled substance under the State Health Department's current regulations. *See* List of Controlled Substances for the State of Arkansas 007-07-001 Ark. Code R. art II (Weil 2006). Our law is well-established that courts may take judicial notice of agency regulations adopted pursuant to law, and that it is not necessary to formally introduce the regulations into evidence for the court to do so. *Washington v. State,* 319 Ark. 583, 892 S.W.2d 505 (1995). Arkansas courts have long taken judicial notice of the State Health Department's regulations classifying controlled substances into particular schedules. *Id.*

Mr. Benjamin also argues that there was insufficient evidence of his identity as the person who sold the methamphetamine, and this challenge to the sufficiency of the evidence is preserved for review because it was raised below. In support of his argument, Mr. Benjamin notes that the police did not arrest him immediately after the alleged incidents, and that the State waited more than two months to file its criminal information. Mr. Benjamin further relies on Officer McConnell's admission that he identified the suspect a total of twelve times as a white male in two different reports. Mr. Benjamin asserts that the government evidently conducted two separate controlled buys with a white man, and nonetheless chose to pursue its case against him. Accordingly, he contends that his convictions were based on insubstantial evidence.

Contrary to appellant's argument, there was substantial evidence to support the jury's finding that he twice delivered methamphetamine to the confidential informant. The informant identified Mr. Benjamin as the person who sold him methamphetamine, and three police officers identified Mr. Benjamin as the person involved in the controlled drug deals. While Officer

McConnell did refer to appellant as a "WM" in his reports, he explained that this was simply a mistake. Viewing the evidence in the light most favorable to the State, considering only that evidence that supports the verdict, we hold that substantial evidence supports the convictions.

Mr. Benjamin next argues that the trial court erred in refusing to give his proffered jury instruction on the availability of probation as an alternative sentence. The proffered instruction provided in pertinent part:

> [Defendant] may also contend that he should receive an alternative sentence. You may recommend an alternative sentence, but you are advised that your recommendation will not be binding on the court . . . . Even if you do recommend an alternative sentence, however, you must still complete the other verdict forms.

Mr. Benjamin correctly asserts that probation is an alternative sentence available for methamphetamine delivery offenses such as this under Ark. Code Ann. §§ 5-4-104(e)(1)(A), 5-64-401(a)(1)(A), and 5-4-301(a)(1). *See Buckley v. State*, 341 Ark. 864, 20 S.W.3d 331 (2000).

Arkansas Code Annotated section 16-97-101(4) (Repl. 2006) authorizes a trial court to give a jury instruction regarding alternative sentencing, and provides:

> The court, in its discretion, may also instruct the jury that counsel may argue as to alternative sentences for which the defendant may qualify. The jury, in its discretion, may make a recommendation as to an alternative sentence. However, this recommendation shall not be binding on the court[.]

The decision to allow alternative sentencing is reviewed for an abuse of discretion. *Vanesch v. State*, 343 Ark. 381, 37 S.W.3d 196 (2001).

In the present case, Mr. Benjamin argues that the trial court abused its discretion in failing to grant his proffered instruction, asserting that the trial court refused to consider the fact that probation was a valid alternative sentence. Mr. Benjamin contends that the trial court compounded its error by relying upon the jury's recommendation of consecutive twenty-five year sentences, without first providing the jury with all of the viable sentencing options.

■ Abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004). Based on our review of the proceedings, we hold that the trial court exercised its discretion and that there was no abuse of that discretion in denying an instruction on probation. The trial court acknowledged in its comments from the bench that its decision in this regard was discretionary, and explained in writing on the proffered instruction, "Discretionary with court and court doesn't feel it is appropriate under the facts of this case." In subsequently following the jury's recommendation to run the sentences consecutively, the trial court referenced aggravating circumstances presented by the State, including other drug sales and appellant's possession of a weapon, and stated that "the jury's recommendation, in my opinion, is not out of line with an appropriate sentence under the circumstances." This also demonstrated the exercise of discretion. The trial court was not required to give an instruction permitting the jury to recommend alternative sentencing, and its refusal to do so was not an abuse of discretion under these facts.

■ Moreover, it is axiomatic that some prejudice must be shown in order to find grounds to reverse, *Miller v. State*, 97 Ark. App. 285, 248 S.W.3d 487 (2007), and Mr. Benjamin has failed to demonstrate prejudice. The minimum prison term for delivery of methamphetamine is ten years, and the jury recommended consecutive twenty-five year terms. Therefore, even if the jury had been presented with an alternative-punishment instruction, it is highly unlikely that the jury would have recommended probation. *See id.*

Mr. Benjamin's remaining argument is that his fifty-year sentence was unconstitutionally excessive. The Eighth Amendment guarantees that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." Article two, section nine of the Arkansas Constitution prohibits the infliction of "cruel or unusual punishment." Mr. Benjamin contends that his punishment violates both the United States and Arkansas Constitutions.

Mr. Benjamin correctly asserts that the range of punishment for each delivery of less than twenty-eight grams of methamphetamine is ten to forty years or life, *see* Ark. Code Ann. § 5-64-401(a)(1)(A)(i) (Repl. 2005), and that probation is also permissible.

He notes that the substances he delivered weighed less than a gram and approximately three percent of the maximum amount prohibited by the statute, and that he was a first-time offender. Mr. Benjamin further submits that drug offenses have only the potential to disturb the public's peace and dignity, as opposed to more immediate and offensive crimes such as murder or burglary. Here, there was no identifiable victim, and appellant notes that his sentencing range exceeded that available for a person convicted of second-degree murder. *See* Ark. Code Ann. §§ 5-10-103(a)(2)(b) and 5-4-401(a)(2) (Repl. 2006). Mr. Benjamin also refers us to the laws of surrounding states where the minimum punishment for delivery of methamphetamine is significantly less than ten years' imprisonment. He argues that his sentence was grossly disproportionate to the crimes, and was constitutionally impermissible.

In *Ewing v. California*, 538 U.S. 11 (2003), the United States Supreme Court held that the Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. In *Bunch v. State*, 344 Ark. 730, 43 S.W.3d 132 (2001), the Arkansas Supreme Court noted that it has interpreted the provisions in both the state and federal constitutions identically on the issue of the prohibition against cruel and unusual punishment. The supreme court in *Bunch, supra*, held that if the sentence fixed by the trial court is within legislative limits, the appellate court is not free to reduce it even though it might consider it to be unduly harsh. The supreme court identified the following "extremely narrow exceptions to this general statement of the law: (1) where the punishment resulted from passion or prejudice; (2) where it was a clear abuse of the jury's discretion; or (3) where it was so wholly disproportionate to the nature of the offense as to shock the moral sense of the community." *Id.* at 740, 43 S.W.3d at 138.[1]

We cannot say that Mr. Benjamin's sentence was grossly disproportionate to his crimes or that any of the narrow exceptions are applicable. The testimony during the guilt and

---

[1] The appellant urges us to avoid relying on the standards announced in *Bunch, supra*, because these are the same standards the supreme court announced in *Henderson v. State*, 322 Ark. 402, 910 S.W.2d 656 (1995), a case in which the supreme court held that a life sentence for first-offense delivery of 0.238 grams of cocaine did not violate the Eighth Amendment. In *Henderson v. Norris*, 258 F.3d 706 (8th Cir. 2001), the federal appeals court disagreed, finding that this did constitute an Eighth Amendment violation. However, our supreme court continues to cite *Bunch, supra*, and it has not been overruled. We are bound to follow the decisions of our supreme court. *Durden v. State*, 93 Ark. App. 1, 216 S.W.3d 145 (2005).

sentencing phases of the trial showed that Mr. Benjamin had made multiple methamphetamine deliveries in public places and was later arrested possessing methamphetamine and a handgun. He was convicted for two separate offenses within a one-week period, for which he received mid-range sentences of twenty-five years each. We are not prepared to say that this is the "rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *See Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991). To the extent that Mr. Benjamin is arguing that the sentencing statute is itself unconstitutional, this specific argument was not raised below and is thus not preserved for review. *See Abshure, supra.* We hold that the trial court committed no error in rejecting appellant's argument that his fifty-year sentence violated either the United States or Arkansas Constitution.

Affirmed.

GLADWIN and BAKER, JJ., agree.