SLIP OPINION



Cite as 2014 Ark. App. 458

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-13-1079

| | | |
|---|---|---|
| | | **Opinion Delivered** September 10, 2014 |
| GARY D. BELL | | APPEAL FROM THE CLARK |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 10CR-13-48] |
| V. | | |
| | | HONORABLE ROBERT E. |
| | | MCCALLUM, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

The sole issue on appeal is whether the trial judge abused his discretion in not instructing the jury to consider a suspended sentence as an alternative sentence recommendation. We affirm.

Gary D. Bell was the sole occupant and driver of a Honda CRV stopped by law enforcement on Interstate 30 in Clark County on February 24, 2013. After a drug-detecting dog alerted to the odor of contraband, a search revealed five large wedge-shaped bundles of marijuana, weighing a total of 107 pounds, concealed inside two black duffel bags. Bell also had $3000 cash in his suitcase. Bell admitted that he had previously transported drugs, and he was to be paid $5000 for this delivery to Little Rock. Bell entered a plea of guilty to possessing this quantity of marijuana with the intent to deliver before the Clark County

Circuit Court. This plea was entered with the consent of the prosecutor and the approval of the trial court, and appellant reserved the issue of sentencing for a jury.

A jury was empaneled on August 20, 2013, for sentencing. This crime subjected appellant to a range of six-to-thirty years in prison, up to a $15,000 fine, or both. Appellant and a state police corporal were the only witnesses, and they explained the circumstances of the traffic stop, the search, and the fruits of that search. At the conclusion, defense counsel requested that the trial judge instruct the jury that it could make nonbinding recommendations to the judge to impose alternative sentences, as provided in AMI Crim. 2d 9111. The trial judge agreed to give the model jury instruction that permitted the jury to make a nonbinding recommendation of probation as an alternative sentence. The trial judge refused to instruct the jury that it could recommend a suspended sentence as another alternative sentence. The trial judge reasoned that even if the jury recommended a suspended sentence, he would not consider imposing a suspended sentence, given the state of the evidence.

The relevant language of the model jury instruction given to the jury was as follows, without including the bracketed material that appellant wanted:

> Gary Bell also contends that he should receive an alternative sentence of probation [or suspended sentence]. You may recommend that he receive an alternative sentence, but you are advised that your recommendation will not be binding on the court.

Thus, the jury was given the opportunity to consider recommending probation, but the jury did not recommend probation. The jury instead sentenced appellant to both a thirty-year prison term and a $15,000 fine, the maximum allowed by law. Appellant was sentenced

2

accordingly. Appellant contends that the trial court erred by not including a suspended sentence as a nonbinding recommendation that the jury could make. We affirm.

We review a trial court's decision regarding jury instructions under an abuse-of-discretion standard. *Hickman v. State*, 372 Ark. 438, 277 S.W.3d 217 (2008); *Taylor v. State*, 2013 Ark. App. 146. In determining whether the trial court erred in refusing an instruction in a criminal trial, the test is whether the omission infects the entire trial such that the resulting conviction violates due process. *Hickman v. State*, 372 Ark. 438, 277 S.W.3d 217 (2008); *Henderson v. State*, 349 Ark. 701, 80 S.W.3d 374 (2002).

Specifically with regard to the sentencing phase, the trial court, in its discretion, may also instruct the jury that counsel may argue as to alternative sentences for which the defendant may qualify. Ark. Code Ann. § 16-97-101(4) (Supp. 2013). The jury, in its discretion, may make a recommendation as to an alternative sentence, but any such recommendation shall not be binding on the trial court. *Id.* The statutory language regarding the giving of the instruction is permissive, not mandatory, by its very terms. *Suggs v. State*, 2010 Ark. App. 571, 377 S.W.3d 461. The statute does not require the trial court to give such an instruction at all. *See Steele v. State*, 2014 Ark. App. 257, 434 S.W.3d 424. The actual assessment of an alternative sentence, if one is recommended by the jury, is also a matter that lies exclusively within the discretion of the trial court. *Stigger v. State*, 2009 Ark. App. 596.

Here, the jury was instructed that it could give a nonbinding alternative-sentence recommendation of probation, but the jury declined to make such a recommendation and

3

instead sentenced appellant to the maximum that it could under the law. Given the discretion vested in the trial court in deciding whether to instruct on alternative sentencing, the nonbinding character of any such recommendation, and the trial judge's stated intent not to impose a suspended sentence even if it had been recommended because of the state of the evidence, we affirm. The trial judge exercised his discretion, and appellant has not demonstrated an abuse of discretion. *See Benjamin v. State*, 102 Ark. App. 309, 285 S.W.3d 264 (2008); *Dale v. State*, 55 Ark. App. 184, 935 S.W.2d 274 (1996).

Affirmed.

WYNNE and BROWN, JJ., agree.

*Hancock Law Firm*, by: *Alex R. Burgos*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley A. Priest*, Ass't Att'y Gen., for appellee.