

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-14-669

**Opinion Delivered** May 27, 2015

DANNY SHANE AKERS

               APPELLANT

APPEAL FROM THE POINSETT
COUNTY CIRCUIT COURT
[No. CR-2013-147]

V.

HONORABLE JOHN N. FOGLEMAN,
JUDGE

STATE OF ARKANSAS

               APPELLEE

AFFIRMED

## LARRY D. VAUGHT, Judge

Appellant, Danny Shane Akers, appeals his conviction by a Poinsett County jury of first-degree sexual assault and fourth-degree sexual assault. On appeal, he challenges the sufficiency of the evidence and argues that his conviction for first-degree sexual assault violated his right to privacy under the Constitution of the United States and the Arkansas Constitution because it was based upon his status as a teacher. He also argues that the trial court committed reversible error when it denied two of his proffered jury instructions. We affirm.

At trial, the evidence revealed that Akers, a ninth- and tenth-grade English teacher at Trumann High School, had an ongoing sexual relationship with a minor, A.C., beginning the summer after her tenth-grade year, when she was fifteen years old. A.C. had been Akers's student the two previous school years, and Akers continued to serve as the teacher advisor for a student organization in which she was involved. Akers and A.C. would meet early in

the morning at the school and between classes to talk, kiss, and have sex in his classroom. He often wrote notes to excuse her tardiness when their interactions made her late for class. In November 2011, A.C. discovered that she was pregnant with Akers's child. Akers and A.C. continued their relationship until May, when Akers texted A.C. that he would not leave his wife. A.C. gave birth to Akers's son on July 14, 2012.

Akers was charged with first-degree sexual assault under Arkansas Code Annotated section 5-14-124(a)(3) (Supp. 2011), which states that a person commits the crime if he "engages in sexual intercourse . . . with a minor who is not the actor's spouse and the actor is [a]n employee of the victim's school or school district[.]" He was also charged with fourth-degree sexual assault under Arkansas Code Annotated section 5-14-127, which covers sexual intercourse and sexual contact between an actor twenty years old or older and a minor under the age of sixteen.

At the close of the State's case, Akers moved for directed verdict, arguing that there was insufficient evidence that he had utilized a position of trust and authority to influence A.C. to have sex with him. He further argued that it would violate his state and federal constitutional rights to privacy to find him guilty based solely on his status as a teacher. The court denied the motion.

At the close of all evidence, Akers renewed his motion, and it was again denied. Akers requested two jury instructions, which the court rejected. First, Akers proffered a jury instruction on first-degree sexual assault that would have included, as added elements of the offense, "that Danny Akers was in a position of trust or authority over [A.C.]" and that he "used the position to engage in sexual intercourse" with her. Second, after he was found

guilty, Akers proffered an alternative sentencing instruction that would have allowed the jury to sentence him to house arrest and/or probation in lieu of prison. The jury sentenced Akers to nineteen years in prison and a fine of $15,000 for first-degree sexual assault and six years in prison and a fine of $10,000 for fourth-degree sexual assault. Akers filed a timely notice of appeal.

Akers's first point on appeal is that the trial court erred in denying his motion for directed verdict for two reasons: (1) the evidence was insufficient, and (2) a conviction based solely upon his status as a teacher is unconstitutional. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Smoak v. State*, 2011 Ark. 529, at 2, 385 S.W.3d 257, 259. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.*, 385 S.W.3d at 259. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.*, 385 S.W.3d at 259.

Akers argues that there was insufficient evidence that he held a position of authority or trust over A.C. and that he used that position to influence her to have sex with him. The court found that there was evidence that he held and utilized such a position because he had been her teacher, continued to be her advisor in a school organization, and utilized his position to facilitate their sexual encounters. However, the trial court found that the statute did not require proof that Akers held and utilized such a position because he was a teacher at A.C.'s school. The version of Arkansas Code Annotated section 5-14-124 under which Akers was charged states

(a) A person commits sexual assault in the first degree if the person engages in sexual intercourse or deviate sexual activity with a minor who is not the actor's spouse and the actor is:

(1) Employed with the Department of Correction, the Department of Community Correction, the Department of Human Services, or any city or county jail or a juvenile detention facility, and the victim is in the custody of the Department of Correction, the Department of Community Correction, the Department of Human Services, any city or county jail or juvenile detention facility, or their contractors or agents;

(2) A mandated reporter under § 12–18–402(b) and is in a position of trust or authority over the victim and uses the position of trust or authority to engage in sexual intercourse or deviate sexual activity; or

(3) An employee in the victim's school or school district, a temporary caretaker, or a person in a position of trust or authority over the victim.

Under section (a)(3) of the statute, Akers could be found guilty based upon his employment in A.C.'s school, without additional evidence that he utilized a position of trust and authority to engage in sex with A.C. The trial court was correct in rejecting Akers's argument that the State had failed to prove that he was in such a position and utilized it to influence A.C. into having sex with him. Section (a)(3) is written in the disjunctive, so proof of any of the items listed in the section is sufficient. *State v. V.H.*, 2013 Ark. 344, at 7, 429 S.W.3d 243, 247.

Akers next argues that, if proof that he utilized a position of trust and authority over A.C. is not required, the statute is unconstitutional because it criminalizes otherwise legal activity based solely on his status as a teacher and violates his right to privacy.[1] Akers argues

---

[1] Akers presents his constitutional challenge as a privacy issue, but much of his argument is actually an equal-protection challenge: Akers argues both that (1) the statute criminalizes otherwise legal sexual conduct in violation of his right to privacy, and (2) it does so based solely on his status as a teacher, which violates the Equal Protection Clause. Therefore, we have addressed both issues.

that he would not have been charged with first-degree sexual assault but for his status as a teacher because the other applicable statute criminalizes a sexual relationship between an adult twenty years old or older and a minor under sixteen. Therefore, he argues, a thirty-eight-year-old may legally have sex with a sixteen-year-old, unless he falls within the special categories, such as school employee, that give rise to first-degree sexual assault.

Statutes are presumed constitutional, and the burden of proving otherwise is on the challenger of the statute. *Paschal v. State*, 2012 Ark. 127, at 8, 388 S.W.3d 429, 434 (citing *Jefferson v. State*, 372 Ark. 307, 276 S.W.3d 214 (2008)). If it is possible to construe a statute as constitutional, we must do so. *Id.* Because statutes are presumed to be framed in accordance with the Constitution, they should not be held invalid unless the constitutional conflict is clear and unmistakable. *Id.*

The Arkansas Supreme Court addressed a similar challenge in *Smith v. State*, 354 Ark. 226, 118 S.W.3d 542 (2003), in which Smith was convicted of having sex with a former student who was, at the time, enrolled in a different school within the same district where Smith taught. Smith argued that the statute violated the Equal Protection Clause because it created an impermissible classification between persons who are employed by school districts and persons who are not employed by school districts. The Arkansas Supreme Court explained that the Equal Protection Clause permits non-suspect classifications that have a rational basis and are reasonably related to a legitimate government purpose. *Smith*, 354 Ark. at 235–36, 118 S.W.3d at 547 (citing *Seagrave v. Price*, 349 Ark. 433, 79 S.W.3d 339 (2002)). Equal protection does not require that persons be dealt with identically; it only requires that classification rest on real and not feigned differences, that the distinctions have

5

some relevance to the purpose for which the classification is made, and that their treatment be not so disparate as to be arbitrary. *Smith*, 354 Ark. at 235–36, 118 S.W.3d at 547 (citing *McDole v. State*, 339 Ark. 391, 6 S.W.3d 74 (1999)). When addressing an equal-protection challenge to a statute, it is not our role to discover the actual basis for the legislation. *Smith*, 354 Ark. at 236, 118 S.W.3d at 547 (citing *Jegley v. Picado*, 349 Ark. 600, 80 S.W.3d 332 (2002)). We merely consider whether there is any rational basis which demonstrates the possibility of a deliberate nexus with state objectives so that legislation is not the product of arbitrary and capricious government purposes. *Id.* If we determine that any rational basis exists, the statute will withstand constitutional challenge. *Id.* In *Smith*, our supreme court found that the statute was aimed at protecting minors from sexual encounters with adults in positions of power or authority over the minors, and including employees of the victim's school and school district was rationally related to that goal because

> [s]chool district employees are authority figures to minor children. Children are instructed to obey and to respect employees of their school district and, children are instructed that they may suffer consequences if they are insubordinate to school district employees. The classification of school district employees is relevant because it is the school district employees who have daily access to minor children. The State has an interest in the general welfare of children, and it certainly has an interest in making laws which punish school district employees who abuse their positions of trust and authority to facilitate inappropriate relationships with children. Smith has failed to prove that § 5-14-120 violates his right to equal protection.

*Smith*, 354 Ark. at 238, 118 S.W.3d at 549.

The court cited facts very similar to those presented here: Smith was the victim's former teacher, the sexual relationship began after Smith was no longer her teacher, during the relationship Smith was also employed by the district as a school-bus driver, and Smith

and the victim often met in his classroom to have sex. The State argued, and the Arkansas

Supreme Court agreed, that

> [a]ppellant developed a relationship with the victim as a direct result of his being her
> teacher and maintained that relationship as a direct result of his being employed in
> the same school district. The legislature could have rationally concluded that persons
> such as appellant should not use their positions as school and school-district
> employees to find and cultivate their underage sexual partners.

*Smith*, 354 Ark. at 237, 118 S.W.3d at 548.

Unlike in *Smith*, Akers specifically argues that the statute violates his constitutional

right to privacy. He relies upon *Paschal v. State*, 2012 Ark. 127, 388 S.W.3d 429, in which the

Arkansas Supreme Court found that a similar statute, when applied to sexual contact

between a teacher and a consenting adult-age student (the victim in *Paschal* was over the age

of eighteen), infringed on the defendant's right to privacy. The court analyzed the *Paschal*

case under strict scrutiny because it found that both the United States and Arkansas

Constitutions protect the fundamental right to privacy, *see Lawrence v. Texas*, 539 U.S. 558

(2003), as well as "all private, consensual, noncommercial acts of sexual intimacy between

adults," *see Jegley v. Picado*, 349 Ark. 600, 632, 80 S.W.3d 332, 350 (2002); *Paschal*, 2012 Ark.

127, at 9, 388 S.W.3d at 434–35. Akers argues that the application of the first-degree sexual

assault statute to his sexual contact with a sixteen-year-old should likewise be evaluated

under strict scrutiny and be found unconstitutional.

Akers's reliance on *Paschal* is misplaced. The court in *Paschal* explicitly relied upon the

fact that the victim was a "consenting adult" over the age of eighteen, and our constitutional

protections for such activity have only been extended to "private, consensual,

noncommercial acts of sexual intimacy between adults." *Picado*, 349 Ark. at 632, 80 S.W.3d at

SLIP OPINION

350. Here, Akers and A.C. began having sex when she was fifteen years old. Moreover, the reasoning in *Smith* holds true; the State has an interest in protecting students from sexual advances from their teachers and school employees who have unique access to minors and are inherently viewed as authority figures. Akers has provided no legal authority or persuasive argument as to why we should extend constitutional privacy protection to an adult's sexual relationship with a minor, and we decline to do so.

Akers's second point on appeal challenges the circuit court's refusal of two jury instructions that he requested. The first instruction would have required the jury to find that, in addition to his position as an employee of A.C.'s school district, he held a position of trust and authority over A.C. and utilized that position of trust and authority to influence her to have sex with him in order to find him guilty of first-degree sexual assault. A party is entitled to a jury instruction when it is a correct statement of the law and when there is some basis in the evidence to support giving the instruction. *Vidos v. State*, 367 Ark. 296, 300, 239 S.W.3d 467, 476 (2006). We will not reverse a trial court's decision to give or reject an instruction unless the court abused its discretion. *Id.*, 239 S.W.3d at 476. A non-AMI Criminal instruction should be given only when the trial judge finds that the AMI Criminal instruction does not correctly state the law or that AMI Criminal does not contain a needed instruction on the subject. *Ventress v. State*, 303 Ark. 194, 197, 794 S.W.2d 619, 620 (1990). As discussed above, the statute did not require proof of these additional elements, and there is no constitutional requirement that they be added. Therefore, the circuit court properly rejected Akers's proffered instruction as to the elements of first-degree sexual assault.

The second instruction requested by Akers and refused by the court was an alternative sentencing instruction, which would have allowed him to be sentenced to probation and/or house arrest in lieu of prison. The decision to allow or reject alternative sentencing instructions is reviewed for abuse of discretion. *Benjamin v. State*, 102 Ark. App. 309, 314–15, 285 S.W.3d 264, 268–69 (2008). Additionally, absent a showing of prejudice, we will not reverse. *Miller v. State*, 97 Ark. App. 285, 286–88, 248 S.W.3d 487, 488–89 (2007). Akers cannot demonstrate prejudice because the jury chose to sentence Akers to more than the minimum sentencing options it had available. Therefore, it strains credulity to argue that the jury would have sentenced him to an even less restrictive alternative, such as house arrest or probation, had it been given the option. Moreover, there is no indication that the court, in rejecting the alternative sentencing instruction, acted improvidently, thoughtlessly, or without due consideration, which would amount to abuse of discretion. *Benjamin*, 102 Ark. App. at 315, 285 S.W.3d at 268–69.

Affirmed.

HARRISON and GRUBER, JJ., agree.

*Martin E. Lilly*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.