
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–16–516

|  |  |  |  |
|---|---|---|---|

GREGORY WAYNE FINFROCK

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** February 15, 2017

APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT
[NO. 72CR-2014-2195]

HONORABLE MARK LINDSAY, JUDGE

AFFIRMED

## N. MARK KLAPPENBACH, Judge

Appellant Gregory Wayne Finfrock was convicted by a jury in Washington County Circuit Court of two counts of rape and one count of sexual indecency with a child. The charges were based on allegations that appellant, a man in his forties, digitally and orally penetrated the vagina of a twelve-year-old girl, MA; that appellant had MA place appellant's penis in her mouth; that appellant sent nude photographs of himself to MA; and that appellant exposed himself in person to MA. Appellant admitted that he had committed sexual crimes against MA, the daughter of appellant's friend who lived next door. Appellant was sentenced by the jury to 30 years in prison on each count of rape and to 6 years in prison on the count of sexual indecency with a child.[1] The trial judge imposed consecutive sentences, resulting in a total term of 66 years of incarceration. Appellant appeals, contending that the trial court

---

[1]The sentencing range considered by the jury for each count of rape was 25 to 40 years, or life imprisonment. The sentencing range considered by the jury for the count of sexual indecency with a child was not more than 6 years in prison, a fine of up to $10,000, or a combination of both.

SLIP OPINION

abused its discretion in refusing his request to give the jury certain model jury instructions during the sentencing phase that pertained to concurrent and consecutive sentences, to transfer and parole eligibility, and to application of the 70 percent rule. We affirm the trial court's discretionary decision.

We will not reverse a trial court's decision to give or reject a jury instruction unless the court abused its discretion. *Gay v. State*, 2016 Ark. 433, __ S.W.3d __; *Akers v. State*, 2015 Ark. App. 352, 464 S.W.3d 483. Abuse of discretion is a high threshold that does not simply require error in the trial judge's decision but requires that the trial judge acted improvidently, thoughtlessly, or without due consideration. *Craigg v. State*, 2012 Ark. 387, 424 S.W.3d 264; *Squyres v. State*, 2015 Ark. App. 665, 476 S.W.3d 839. Additionally, absent a showing of prejudice, we will not reverse. *Miller v. State*, 97 Ark. App. 285, 248 S.W.3d 487 (2007).

During trial, but outside the presence of the jury, the prosecuting attorney, the defense attorney, and the trial judge discussed the matter of jury instructions. The prosecuting attorney asserted that the State "would rather not have" the model jury instructions on nonbinding recommendations for consecutive sentences or on parole eligibility. Defense counsel argued that the jury should be aware of the model jury instructions regarding recommendations for consecutive sentences, stating that

> [the jury should have] the opportunity to decide that without guessing because I don't want them back in the jury room wondering . . . . If they've got a term of years, I want to be able to talk to them in sentencing how the math is going to work out… at least I can talk about it at sentencing that they have some options . . . the fact that it's not binding, you [the trial court] still have the ultimate authority and discretion to give him whatever it is if they come back with some numbers [of years]. . . . I would like to be able to address that to them so that they don't go back there and get confused.

SLIP OPINION

With regard to instructing the jury regarding parole eligibility, defense counsel stated that it was the same argument and that he did not want the jury to think appellant would serve only half of a sentence prior to being released from prison. Defense counsel stated that he wanted the jury to make the best decision for the community knowing the parameters of how the sentence would play out, that this was relevant to sentencing, and that he wanted the opportunity to talk to the jury about those instructions. The trial judge stated that he would think about it during a break in the proceedings and make a ruling when they reconvened.

After the break, the trial judge announced which jury instructions he intended to give the jury, which did not include the model jury instructions that the defense wanted. Defense counsel proffered those four jury instructions as defense exhibits, which read as follows:

(1) **AMCI2d 9112– Stage Two: Consecutive Sentence Recommendation**–
You have convicted Gregory Wayne Finfrock of more than one offense, and you may sentence him to a term of imprisonment on each offense. If you sentence him to more than one term of imprisonment, you may also make a recommendation that any two or more terms of imprisonment be consecutive. A sentence to consecutive terms of imprisonment means that the terms of imprisonment will be added together to determine the total term of imprisonment.
You are advised that a recommendation by you that terms of imprisonment be consecutive will not be binding on the court.

(2) **AMCI2d 9318– Stage Two: Consecutive Sentence Recommendation–**
If you sentence Gregory Wayne Finfrock to two or more terms of imprisonment, you may make ONE of the following recommendations:
_____ We, the Jury, recommend that all of the terms of imprisonment be consecutive.
_____ We, the Jury, recommend that none of the terms of imprisonment be consecutive.
_____ We, the Jury recommend that the terms of imprisonment for the following offenses be consecutive: _____

_____
Foreman


(3) **AMCI2d 9401– Transfer Eligibility: Felonies Below Transfer Eligibility Line on Sentencing Grid–**

In your deliberations on the sentence to be imposed, you may consider the possibility of the transfer of Gregory Wayne Finfrock from the Department of Correction to the Department of Community Correction. After he serves 1/3 of any term of imprisonment to which you may sentence him, he will be eligible for transfer from the Department of Correction to the Department of Community Correction. If transfer is granted, he will be released from prison and placed under post-prison supervision. The term of imprisonment may be reduced further, up to 1/6 of any period you impose, if he earns the maximum amount of meritorious good time during his imprisonment.

Meritorious good time is time-credit awarded for good behavior or for certain achievements while an inmate is confined in a Department of Correction or Community Correction facility, or in a jail while awaiting transfer to one of those facilities. An inmate may be awarded up to one day for every day served. Accrual of meritorious good time does not reduce the length of a sentence but does decrease the time the defendant is required to be imprisoned before he becomes eligible for transfer to community supervision, under which the remainder of his sentence will be served.

(4) **AMCI2d 9404-A– Release Eligibility: Seventy Percent Law [Act 570]–**

In your deliberations on the sentence to be imposed, you may consider the possibility that Gregory Wayne Finfrock will be paroled or transferred to community correction supervision. Eligibility for parole or transfer to community correction supervision is as follows:

I.

Rape is punishable by life imprisonment, or a term of years. Persons under sentence of life imprisonment are not eligible for parole or transfer to community correction supervision.

II.

If you sentence Gregory Wayne Finfrock to imprisonment to a term of years, he will be eligible for parole or transfer to community correction supervision after he serves seventy percent (70%) of the term of his sentence. This percentage of imprisonment will not be reduced by the earning of meritorious good time during his imprisonment.

The State reiterated that it believed these instructions were unnecessary and confusing to the jury. The trial judge decided that the nonbinding-recommendation instructions would not be given because they did not serve any purpose in this particular case, he did not want the jury to be confused, nor did he want the jury "to feel, well, why are we even here." As

to the parole-eligibility instruction and the 70 percent rule, the State again asserted that these were unnecessary and potentially confusing to the jury. The trial judge agreed with the State, rejecting those jury instructions.

During deliberations, the jury sent out a written question, which read, "For each count of rape, does the sentence run concurrent or consecutive?" The trial judge proposed to both attorneys that he inform the jury to not consider a rule of law that was not in the jury instructions that had been given, but the other alternative was to give the jury instruction on nonbinding recommendations, which the judge thought was "destructive to the jury system." The State was in agreement that the jury instruction should not be given. At that point, defense counsel stated, "I think that we'll just at this point, go with the Court on the way it's done. . . . I feel comfortable under these circumstances that the jury will make the – they'll give us a sentence with the instructions they have[.]" The jury was brought to open court, and the trial judge responded to the question by telling them to refer to the jury instructions already given, which included an admonition not to consider any rule of law that was not included in those jury instructions.[2] The jury deliberated accordingly, and it sentenced appellant to the two 30-year sentences for rape and to the 6-year sentence for sexual indecency with a child.

As appellant's sentence was pronounced, the trial judge remarked to appellant that he had taken something from this girl that the justice system could not restore to her; that the goal of the justice system was to punish, reform, and deter the defendant but also to deter

---

[2]The jury had been instructed that it "should not consider any rule of law with which you may be familiar unless it is included in my instructions."

SLIP OPINION

others from committing the same crimes; that appellant admittedly knew that all the sexual behaviors toward this girl were wrong but did not stop, despite several opportunities to do so; and that appellant's concern was obviously for himself and not the harm caused to this child. The trial judge imposed the jury's sentences, deciding that they should run consecutively. This appeal followed.

In determining whether the trial court erred in refusing an instruction in a criminal trial, the test is whether the omission infects the entire trial such that the resulting conviction violates due process. *Hickman v. State*, 372 Ark. 438, 277 S.W.3d 217 (2008); *Henderson v. State*, 349 Ark. 701, 80 S.W.3d 374 (2002); *Bell v. State*, 2014 Ark. App. 458. We hold that appellant's rights to due process were not violated. Just because an appellant's proffered instructions contain correct statements of the law does not mean that it was error for the trial court to refuse to give them. *Clark v. State*, 374 Ark. 292, 287 S.W.3d 567 (2008). Appellant has failed to demonstrate reversible error. The trial judge clearly took time to consider defense counsel's request for these particular instructions, and he exercised his discretion in declining to give them. Appellant effectively consented to the trial court's action when the question was presented by the jury during deliberations, and appellant has not demonstrated an abuse of discretion. *Compare Bell*, *supra* (affirming refusal to instruct the jury on nonbinding alternative sentencing recommendations); *Benjamin v. State*, 102 Ark. App. 309, 285 S.W.3d 264 (2008) (same). Moreover, pursuant to Arkansas Code Annotated section 16–97–103(1) (Repl. 2016), evidence relevant to sentencing "may" include the law applicable to parole, meritorious good time, or transfer. The word "may" is not mandatory. *Walden*

*v. State*, 2012 Ark. App. 307, 419 S.W.3d 739. *See also Carroll v. Hobbs*, 2014 Ark. 395, 442 S.W.3d 834 (holding that the supreme court had repeatedly held that the Arkansas Department of Correction, not the sentencing court, determines parole eligibility). Appellant waived any objections he had regarding the trial court's failure to give these instructions when his attorney stated, in response to the jury's query, that he "felt comfortable" that the jury would "give us a sentence with the instructions they have." Appellant's attorney did not request again that these jury instructions be given to the jury, acquiescing to the trial judge's actions. For the foregoing reasons, we affirm.

Affirmed.

GRUBER, C.J., and GLOVER, J., agree.

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.