Timothy DALE *v.* STATE of Arkansas

CA CR 95-1297                                    935 S.W.2d 274

Court of Appeals of Arkansas
Division I
Opinion delivered December 4, 1996

*Daniel D. Becker* and *Michael E. Harmon*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. After trial in Garland County Circuit Court, a jury found Timothy Dale guilty of two counts of second-degree battery based on allegations that he burned his stepchildren with cigarettes and a cigarette lighter. The trial judge then sentenced Dale to six years in the Arkansas Department of Correction on each count and ordered that the sentences run consecutively. Dale now contends that the trial court erred when it

denied his motion for directed verdict, and that it erred by refusing to instruct the jury on sentencing alternatives as his attorney had requested. Neither contention has merit; therefore, we affirm the convictions.

Dale's argument that the trial court erred by denying his motion for directed verdict is a challenge to the sufficiency of the evidence. He properly moved for a directed verdict at the close of the State's evidence, and he specifically based that motion on the State's alleged failure to prove "the infliction of substantial pain," an element for second-degree battery. See Ark. Code Ann. §§ 5-13-202(a)(4), 5-1-102(14)(Repl. 1993). The following colloquy occurred after the State rested its case:

MS. HEARNSBERGER: We rest.

THE COURT: State rests.

COUNSEL FOR APPELLANT: Move for directed verdict, based on sufficiency of the evidence, specifically, that there has been no showing of substantial pain which is required under the State's burden of proof.

THE COURT: Motion will be denied.

The following colloquy occurred at the end of all the evidence:

THE COURT: Defense rests.

DEFENSE COUNSEL: Renew my motion for directed verdict based on sufficiency.

THE COURT: Denied.

In response to the appellant's challenge to the sufficiency of the evidence, the State argues on appeal that the appellant is procedurally barred from raising the issue because he failed to specify a basis for the renewal of his directed-verdict motion. The State cites *Middleton v. State* which held that a "challenge to the sufficiency of the evidence, *whenever it is made*,[1] requires a specific motion to apprise the trial court of the particular point raised; a

---

[1] Directed-verdict motions traditionally are made at only two junctures during a trial: at the close of the opponent's case-in-chief and at the close of all the evidence. The word "whenever" implies more than one occurrence. Therefore, it is logical to assume that this language must contemplate both of these critical moments in a trial.

general 'usual motion' such as the one made by appellant will not suffice." *Middleton* v. *State*, 311 Ark. 307, 842 S.W.2d 434 (1992)(emphasis added). In *Walker* v. *State*, the Arkansas Supreme Court cited with approval *Middleton* and numerous other cases for the proposition that "a motion for directed verdict [must] state the specific grounds of the motion." *Walker* v. *State*, 318 Ark. 107, 883 S.W.2d 831 (1994). *Walker* also held that Rule 36.21 of the Arkansas Rules of Criminal Procedure (now superseded by Rule 33.1) is to be read in alignment with Rule 50 of the Arkansas Rules of Civil Procedure. *Id*. Rule 33.1 provides:

> When there has been a trial by jury, the failure of a defendant to move for a directed verdict at the conclusion of the evidence presented by the prosecution and again at the close of the case because of insufficiency of the evidence will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict. A motion for a directed verdict based on insufficiency of the evidence must specify the respect in which the evidence is deficient; a motion merely stating that the evidence is insufficient for conviction does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. *A renewal of a previous motion for a directed verdict at the close of all of the evidence preserves the issue of insufficient evidence for appeal.*

Ark. R. Crim. P. 33.1 (emphasis added). Rule 50 states in pertinent part:

> A party may move for a directed verdict at the close of the evidence offered by an opponent and may offer evidence in the event that the motion is not granted, without having reserved the right to do so and to the extent as if the motion had not been made. A party may also move for a directed verdict at the close of all the evidence . . . . A motion for directed verdict shall state the specific grounds therefor . . . . The motion may also be made at the close of all the evidence *and in every instance*[2] the motion shall state the specific grounds therefor.

---

[2] While this phrase may not be as inclusive as the earlier cited phrase from *Middleton, supra* ("whenever it is made"), we see no discernable legal distinction between them. It could mean "in every trial," but neither the rule nor the case law provides guidance for this definition.

Ark. R. Civ. P. 50(a) (emphasis added).

■ The appellant here made a specific motion for directed verdict followed by a nonspecific renewal. In *Durham* v. *State*, the Arkansas Supreme Court held that as long as a specific basis is articulated for the original directed-verdict motion, a general renewal is sufficient to preserve the issue for appeal. *Durham* v. *State*, 320 Ark. 689, 899 S.W.2d 470 (1995). The comment to Rule 33.1 notes that the last sentence of the new rule was added to reflect the *Durham* holding. Although *Durham* appeared to distinguish implicitly the *Walker* line of cases (because none of those cases involved nonspecific *renewals* of directed-verdict motions), *Durham* did not address the contradictory language in *Middleton*. *See also Clay* v. *State*, 318 Ark. 550, 886 S.W.2d 608 (1994); *Jackson* v. *State*, 316 Ark. 405, 871 S.W.2d 591 (1994); *Cummings* v. *State*, 315 Ark. 541, 869 S.W.2d 17 1994)(all holding that a challenge to the sufficiency of the evidence, "*whenever it is made*," requires a specific motion). Nor did *Durham* take note of Rule 50's contradictory language that "*in every instance*" a directed verdict shall state the specific grounds therefor. To the extent that the "whenever it is made" and "in every instance" phrases differ from the holding in *Durham*, we question their continued authority and consider the *Durham* standard to now control.[3]

■ Consequently, in keeping with *Durham*, we deem appellant's general renewal sufficient and, accordingly, we reach the merits of his first point on appeal. The cumulative testimony of a registered nurse, an emergency-room physician, a police officer, and a Department of Human Services case worker was overwhelming. They were unanimous in their conclusions that the wounds to the children were consistent with burns from both cigarettes and cigarette lighters or an open flame. We hold that this evidence was

---

[3] From a practical standpoint, the rule from *Durham* is eminently sensible. To require specific renewals of already specific motions elevates form over substance. As *Durham* also pointed out, the reasoning behind this rule of specificity is to adequately apprise the trial court, as well as the appellate court, of the grounds for the motion so that both courts make informed rulings. 320 Ark. at 689, 899 S.W.2d at 473 (1995). By stating our view that the *Durham* holding controls this issue, our aim is to make our procedural rules not only practical but consistent. A flurry of recent cases and rule changes has made this area of law a procedural minefield for trial attorneys. Our sense is that some confusion still surrounds the proper manner of moving for a directed verdict. We simply want to identify questionable precedent and make the law clear.

sufficient for the jury to infer that substantial pain was the result. *See Gilkey v. State*, 41 Ark. App. 100, 848 S.W.2d 439 (1993). The court did not err in denying either of appellant's motions for directed verdict.

■ We are compelled to comment about an abstracting error related to the directed-verdict motion because it constitutes a violation of Rule 4-2(a)(6) of our rules regarding abstracts. In the abstract, the colloquy concerning the renewal of the directed-verdict motion appears as follows:

### RENEWAL OF MOTIONS FOR DIRECTED VERDICT

(T. 287)

> Counsel for Appellant moved for a directed verdict based on sufficiency of evidence, *specifically lack of showing of substantial pain*. The Trial Court denied the motion.

(Emphasis added.) The italicized phrase adds critical language to the motion that was clearly not in the record and which, therefore, was not presented to the trial court when the motion was made and denied at the close of all the evidence. To that extent, the abstract misstates the record and conveys the notion that the trial judge received and denied a newly articulated specific motion for directed verdict at the close of all the proof.[4]

■ Rule 4-2(a)(6) provides that the appellant's abstract should consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the appellate court for decision. Ark. Sup. Ct. R. 4-2(a)(6). This obviously imposes a duty on counsel preparing the abstract not to misstate the record, as

---

[4] The *Durham* case and our discussion of it *supra* stand for the proposition that a general renewal of a directed-verdict motion is legally sufficient to preserve a specific motion previously made. This is independent of the appellant's abstracting duty to accurately reflect what was actually said when the motion was made. Had the appellant alerted us to the fact that his abstracted renewal of the motion was incorporating or adopting the specifics of his earlier motion, this might be a different matter. The motion as abstracted left us with the impression that he actually uttered the words "specifically lack of showing of substantial pain" in his renewal. He clearly did not.

was done in this case by the addition of language in the renewed directed-verdict motion that was not argued to the trial court. We do not deem this error to be inadvertent because the misstated language goes to the very point addressed by appellant's first point on appeal — that the trial court erred by denying the motion for directed verdict based upon the alleged insufficiency of proof regarding the substantial-pain element of the second-degree battery charge.

■ Lawyers are officers of the court. Courts necessarily rely upon their representations in the abstracts filed in appeals in order to decide cases. The abstract is to be a condensation of the material parts of the pleadings, proceedings, and other matters contained in the record so that the appellate court will understand the points of appeal. *McAdams* v. *Automotive Rentals, Inc.*, 319 Ark. 254, 891 S.W.2d 52 (1995). Therefore, appellate courts depend upon the honesty and truthfulness of counsel regarding the abstracts filed in appeals. Where an abstract has been knowingly prepared by counsel with misrepresentation of a central issue on appeal, we are duty-bound to state our disapproval.

Finally, we also hold that the trial court did not err by refusing to include a jury instruction requested by appellant concerning the alternative sentences of probation or a suspended sentence. Appellant proffered the following instruction based on AMCI 2d 9111:

You will again retire to consider and complete one of the following verdict forms:

(Here, the appropriate verdict form is to be read to the jury.)

Timothy Dale may also contend that he should receive probation or suspended sentence. You may recommend that he receive this alternative sentence, but you are advised that your recommendation will not be binding on the court.

If you recommend an alternative sentence you shall so indicate on the form reading as follows:

(Here the alternative verdict forms are to be read to the jury.)

Even if you do recommend an alternative sentence, however, you must still complete the other verdict form.

All twelve of you must agree on the verdict, but only

the foreperson need sign the verdict.

## DEFENDANT'S PROFFERED B
## VERDICT FORM
## ALTERNATE SERVICE (PROBATION)

We, the Jury, recommend the alternate service of probation.

_____

FOREPERSON

## DEFENDANT'S PROFFERED C
## VERDICT FORM
## ALTERNATE SERVICE (SUSPENDED SENTENCE)

We, the Jury, recommend the alternate service of suspended sentence.

_____

FOREPERSON

AMCI 2d 9111.

■ It is true that our bifurcated sentencing statute, Ark. Code Ann. § 16-97-101(4) (Supp. 1995), provides that the trial court may, in its discretion, instruct the jury that counsel may argue as to alternative sentences for which the defendant may qualify, and that the jury may, in its discretion, make a recommendation regarding an alternative sentence which shall not be binding on the trial court. It is also true that Ark. Code Ann. § 5-4-104(Repl. 1993) provides that both probation and suspended sentences are "authorized" for second-degree battery. Nevertheless, authorizing a particular form of punishment is a far cry from mandating that it be considered, or that the jury be instructed that it be considered in a given case. Moreover, the permissive tone of the language in § 16-97-101(4) is unmistakable.

■ As we stated in a decision that predated the bifurcated sentencing statute, a criminal defendant has no right to a suspended sentence. _Bing_ v. _State_, 23 Ark. App. 19, 740 S.W.2d 156 (1987). Appellant has cited us to no subsequent authority to the contrary, and we find no reason to depart from that principle. Moreover, the clearly permissive language of the bifurcated sentencing statute upon which the appellant's proffered instruction was based further affirms the principle.

Affirmed.

NEAL, J., and HAYS, S.J., concur.

OLLY NEAL, Judge, concurring. I agree that the trial court should be affirmed as to both points raised on appeal. It is my view that whether appellant preserved his sufficiency argument is controlled by *Durham* v. *State*, 320 Ark. 689, 899 S.W.2d 470 (1995). The State argues we should not reach the merits of the directed-verdict motion because appellant's renewal of the motion at the close of all the evidence was general in nature only. It is uncontroverted that appellant's motion for directed verdict, at the close of the State's evidence, was sufficiently specific to apprise the trial court of the grounds asserted for the motion. *See Wallace* v. *State*, 53 Ark. App. 199, 920 S.W.2d 864 (1996). In *Durham*, the supreme court said, "We do not agree that the defendant should be required to restate his grounds for directed verdict in cases..., where the defendant has made a specific motion at the close of the State's case, and incorporates the same arguments by a later renewal."

Because *Durham* is dispositive of the preservation issue, it is not necessary to reach appellant's abstracting zeal.

I respectfully concur.

STEELE HAYS, Special Judge, concurring. I write separately because I disagree with the majority's implication that the Supreme Court failed to explicitly express its intent to change prior law by adopting the rule in *Durham* v. *State*, 320 Ark. 689, 899 S.W.2d 470 (1995). One month after *Durham* was decided, the Supreme Court modified Ark. R. Crim. P. 33.1 to provide that a renewal of a previous motion for a directed verdict at the close of all of the evidence preserves the issue of insufficient evidence for appeal. The Court's comment to Rule 33.1 notes that this sentence was added to reflect the holding in *Durham* that a party is not required to repeat the specific deficiencies in the evidence when the motion is renewed. Furthermore, in *Aronson* v. *Harriman*, 321 Ark. 359, 901 S.W.2d 832 (1995), the Supreme Court expressly held that the rule in *Durham* is applicable in civil cases.

I think that the modification of Rule 33.1 and express mention of *Durham* in the commentary and subsequent cases explicitly established *Durham's* rule that a defendant is not required to restate

his grounds for directed verdict where he has made a specific motion at the close of the plaintiff's case. I respectfully concur.