

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–15–303

| | |
|---|---|
| CHAD SQUYRES<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** November 18, 2015<br><br>APPEAL FROM THE PIKE COUNTY CIRCUIT COURT<br>[NO. CR–2013-109-1]<br><br>HONORABLE TOM COOPER, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

Chad Squyres was arrested and charged with internet stalking of a child when he drove to Murfreesboro for a meeting with "Kailie Bryant," who was actually an undercover police officer. The trial court denied his pretrial motion to dismiss, made on the basis of entrapment. Squyres was found guilty in a jury trial and was sentenced to 120 months in the Arkansas Department of Correction. He now appeals. He contends that the trial court erred in denying his pretrial motion to dismiss, in denying his motions for a directed verdict at trial, in refusing to instruct the jury on an alternative sentence at the sentencing phase, and in preventing his counsel from arguing to the jury that he would be required to register as a sex offender. We affirm, first addressing the denial of his motions for a directed verdict.

### I. *Motions for a Directed Verdict*

A person twenty-one years of age or older commits the offense of internet stalking of a child if the person knowingly uses a computer online service, internet service, or local

internet bulletin board service to (1) seduce, solicit, lure, or entice a child fifteen years of age or younger in an effort to arrange a meeting with the child for the purpose of engaging in sexual intercourse, sexually explicit conduct, or deviate sexual activity; or to (2) seduce, solicit, lure, or entice an individual that the person believes to be fifteen years of age or younger in an effort to arrange a meeting with the individual for the purpose of engaging in sexual intercourse, sexually explicit conduct, or deviate sexual activity. Ark. Code Ann. § 5-27-306(a)(2) (Repl. 2015).

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Kelley v. State*, 103 Ark. App. 110, 114, 286 S.W.3d 746, 749 (2008). In reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. *Id.* A conviction is affirmed if substantial evidence exists to support it. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.* The appellate court defers to the jury's determination on the matter of witness credibility. *Id.* Jurors do not and need not view each fact in isolation, but rather may consider the evidence as a whole; the jury is entitled to draw any reasonable inference from circumstantial evidence to the same extent that it can from direct evidence. *Id.*

At trial, the State presented testimony by Pike County Deputy Sheriff Jason McDonald and Chief Deputy David Shelby. Deputy McDonald testified about his work in computer and child-predator sex crimes. He stated that he always posed on the internet as an underage

female to "have guys start instant messaging me and soliciting for sexual purposes," that people surfing Craigslist would see his ad, and that he never initiated the first conversation or contact. Each time he put the same ad on Craigslist—"Hi, I'm Kailie. I'm new to the area. Looking for chat friends"—saying that "Kailie" could be found on Yahoo Messenger or Facebook. After people emailed through Facebook or Yahoo Messenger, "Kailie" continued the conversations, saying that she lived in Murfreesboro and always giving her age. Her age was fourteen on Facebook and fifteen on Craigslist.

Using ChadS585, Squyres made contact through Instant Messaging (IM) on October 23, 2013, asking, "Hey, are you the one on Craigslist?"[1] "Kailie" replied that she was, and Squyres told her that he was driving an eighteen-wheeler and was heading to Little Rock. On IM, Squyres asked, "How old did u say u were?" She replied "15 u." He responded, "Umm shit. I could get in trouble . . . [c]uz I'm too old and ur underage." She replied "booo." He wrote, "Ur pics made have [sic] thoughts that I shouldn't of had." He continued communicating with her, ending on October 30.

Squyres repeatedly asked "Kailie" whether she was a "cop." When she answered in the negative, he asked if she wanted to sneak out or meet him. She sent a picture of a smiling girl wearing braces. She responded multiple times that she could not meet him because she lived with her mother, and her mother was home. When he continued in various conversations to ask for pictures, she replied that her pictures were on Facebook and her camera was broken. He asked if she was "for real," she said "you think im not legit," he said

---

[1]The Craigslist page on that date was for fifteen-year-old "Kailie."

"Darlin I have to b sure. I ain't goin to prison lol." She said "I hate being young" and he said, "Lol I never said that I wouldn't. Just need something to b sure. . . . Young is a good thang." When she said she was "bored and waking up," he replied "Mmmmmm . . . Pjs! Lol . . . Aww bet they sum thin like hello kitty lmao."

Squyres sent her a picture of a penis and arranged to meet her at an abandoned hospital in Murfreesboro next to the police station. He again asked if there were cops involved, and when she denied it, said "u gonna have to kiss me or grab my crotch or something when I get there. Then I'll know for sure." She wrote "??? condoms," and he replied "hey I'm on my way . . . . Got them." Squyres arrived in Murfreesboro, turned around in the police parking lot, got out of his truck, and was arrested when he walked toward the hospital. Chief Deputy David Shelby took into evidence Squyres's cell phone and a condom, which was in the truck's sun visor.

At the conclusion of the State's case, Squyres moved for a directed verdict on three grounds. He argued that the undercover officer had engaged in illegal activity by engaging in a sting operation that induced his criminal conduct, he alleged that he had been entrapped, and he challenged the sufficiency of the evidence. The trial court ruled that no case law allowed dismissal based on an act not being authorized, that entrapment was an issue of fact, and that the State had made a prima facie case for the jury to determine whether Squyres knowingly engaged in criminal conduct. In the case for the defense, Squyres and his wife testified about their marriage relationship and about his seeking companionship on the internet. He moved for a directed verdict at the conclusion of his case, repeating the grounds

of his previous motion. Each time, the trial court denied the motion.

On appeal, Squyres argues that he was entrapped and that the State failed to prove that he knowingly believed that the person he was speaking with on the internet was fifteen years old. He points to his testimony that he knew Craigslist's requirement that solicitors be eighteen or older and to the conversations in which he said he could go to jail for sexual activity with a fifteen-year-old and asked "Kailie" to verify her age and to send pictures. He also argues that information on the internet is not necessarily true. He concludes that the circumstantial evidence in this case forced jurors to resort to speculation that he believed "Kailie" was fifteen. We do not agree.

Entrapment is an affirmative defense, upon which the defendant bears the burden of proof by a preponderance of the evidence. *Wedgeworth v. State*, 301 Ark. 91, 93, 782 S.W.2d 357, 358 (1990). Ordinarily, entrapment is a fact question which is properly submitted to the jury. *Walls v. State*, 280 Ark. 291, 296, 658 S.W.2d 362, 365 (1983). Entrapment exists as a matter of law only if there is no factual issue to be resolved by the trial court, *i.e.*, if there is no substantial evidence to the contrary. *Leeper v. State*, 264 Ark. 298, 300, 571 S.W.2d 580, 582 (1978). There is no provision in our law permitting a motion to dismiss before the State has had an opportunity to prove its case. *Watson v. State*, 313 Ark. 304, 306, 854 S.W.2d 332, 334 (1993). On appellate review, the evidence is viewed in the light most favorable to the State. *Leeper*, 264 Ark. at 300, 571 S.W.2d at 582.

Here, because there were factual issues to be decided by the jury as to whether the conduct of law enforcement would have caused a law-abiding citizen to commit internet

stalking of a child, entrapment as a matter of law was not established. *See Wedgeworth*, 301 Ark. at 93, 782 S.W.2d at 358. There was substantial evidence that the conduct of law enforcement merely afforded Squyres the opportunity to arrange a meeting with the person whom he believed to be fifteen for the purpose of engaging in sexual intercourse, sexually explicit conduct, or deviate sexual activity and thus does not constitute entrapment. *See* Ark. Code Ann. § 5-27-306(a)(2). The trial court did not err in denying the motions for a directed verdict on the ground of entrapment.

Furthermore, viewing the evidence in the light most favorable to the State and considering only that which supports the verdict, we hold that the evidence is sufficient to support the conviction. The Yahoo IM log alone constituted sufficient evidence that Squyres believed "Kailie" was only fifteen, the only age she ever told him. *See Kelley*, 103 Ark. App. at 114, 286 S.W.3d at 749 (holding that an overview of communication between appellant and a person with whom he was chatting revealed that he was aware that the person was underage). The jury did not have to resort to speculation or conjecture to conclude that Squyres, a person over age twenty-one, knowingly used a computer online or internet service to seduce, solicit, lure, or entice an individual whom he believed to be fifteen years of age or younger in an effort to arrange a meeting with her for the purpose of engaging in sexual intercourse, sexually explicit conduct, or deviate sexual activity. The jury was entitled to determine the credibility of the witnesses at trial and to draw any reasonable inference from the circumstantial evidence. We hold that substantial evidence supports appellant's conviction and that the trial court did not err in denying Squyres's motion for a directed verdict on the

SLIP OPINION

ground of insufficient evidence.

## II. *Motion to Dismiss*

Squyres contends that the trial court erred in denying his pretrial motion for dismissal based on entrapment. It is an affirmative defense that the defendant was entrapped into committing an offense. Ark. Code Ann. § 5-2-209(a). Entrapment occurs when a law enforcement officer or any other person acting in cooperation with him induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Ark. Code Ann. § 5-2-209(b)(1). Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment. Ark. Code Ann. § 5-2-209(b)(2).

Squyres argued to the trial court that an undercover law enforcement officer effectively entrapped him into conversations on Craigslist and IM that led to the charge of internet stalking. The following colloquy took place at the pretrial hearing on his motion to dismiss on the basis of entrapment:

| THE COURT: | That's not a jury question? |
|---|---|
| DEFENSE COUNSEL: | It is a jury question, However, my thought was that perhaps it might . . . be a bench question as well. That it may be so obvious that the bench can declare that it is a prima facie entrapment and, therefore, not an issue for the jury to wrestle with. |
| THE COURT: | I've never—. Well, I'm not saying that you're not correct, but I've never had a factual issue determined prior to the jury hearing it. |
| DEFENSE COUNSEL: | Yes, sir. Doesn't mean it can't be your first. |

7

| THE COURT: | That's true. I would rather make that determination at the time of trial. |
|---|---|

. . . .

| DEFENSE COUNSEL: | That is your discretion, yes, sir. |
|---|---|

After his directed-verdict motion at the conclusion of the State's case-in-chief, Squyres again moved to dismiss predicated on the allegation of entrapment in his pretrial motion, and the trial court again denied the motion. The jury was instructed on the affirmative defense of entrapment. Squyres again raised the issue of entrapment in a motion for new trial. He asserted that law enforcement had no probable cause to seek him out on matters involving internet stalking of a child, had no informant putting him on their radar, and had no information that he engaged in sexual activities with children fifteen-years-old or younger on the internet. He concluded that the government had gone forward on a "phishing expedition."

On appeal, Squyres argues that the government was on a phishing expedition, casting a line with a hook on Craigslist, which requires that a solicitor be eighteen years of age or older—a requirement he knew of.[2] The trial court did not rule on this argument, and it thus is not preserved for our review. *See Mason v. State*, 2014 Ark. App. 285, at 8, 435 S.W.3d 510, 515 (holding that an argument is not preserved on appeal unless the appellant raised and

---

[2]Squyres points to his testimony that he went to Craigslist looking for an adult female, that he knew he could go to jail for engaging in sexual issues with a child fifteen years of age or younger, and that his repeated requests for proof that she was "legal" went to her being at least eighteen. He notes that he drove to Murfreesboro only after "Kailie" asked if he was "cumming."

made the argument at trial and obtained a ruling on it; nor will a particular theory be addressed on appeal if it was not presented below). Furthermore, as previously noted in our discussion of Squyres's motion for a directed verdict, we find no error in the court's decision to submit the entrapment issue to the jury.

### III. *Refusal to Instruct the Jury on an Alternative Sentence*

Arkansas Code Annotated section 16-97-101(4) provides that the court, in its discretion, may instruct the jury that counsel may argue as to alternative sentences for which the defendant may qualify. The jury, in its discretion, then may make a recommendation as to an alternative sentence; this recommendation, however, shall not be binding on the court. Ark. Code Ann. § 16-97-101(4) (Repl. 2006). The decision to allow alternative sentencing is reviewed for an abuse of discretion. *Hoodenpyle v. State*, 2013 Ark. App. 375, 428 S.W.3d 547. This standard of review is a high threshold, requiring that a trial court not act improvidently, thoughtlessly, or without due consideration. *Id*. Mechanical imposition of the jury's recommended sentences or an unwavering court policy refusing to instruct the jury on alternative sentences with respect to certain offenses is not an exercise of discretion. *Rodgers v. State*, 348 Ark. 106, 71 S.W.3d 579 (2002).

Squyres relies on *Steele v. State*, 2014 Ark. App. 257, at 12, 434 S.W.3d 424, 432, where the appellant argued that the legislature has specifically provided that the offense for which he was found guilty is eligible for probation. The trial court rejected Steele's proffered alternative-sentencing instruction based on the "sexual nature" of the offense and the fact that some jurors cried over what they saw depicted in the images. *Id*. at 13, 434 S.W.3d at 432.

At a hearing to reconsider sentencing, where the trial court noted that the jury had convicted Steele on all twenty counts and had sentenced him to much more than the minimum punishment, the trial court found it unlikely that the jury would have recommended probation for Steele's possession of child pornography. *Id.* We ruled that the trial court exercised its discretion by citing specific reasons for finding that an instruction on alternative sentencing was inappropriate and that, given the ultimate sentence imposed, it was unlikely that the trial court would have accepted a non-binding recommendation of probation. *Id.* We found no abuse of discretion by the trial court in refusing to give the instruction. *Id.* at 12–13, 434 S.W.3d 424, 432.

Here, the trial court denied the requested instruction on probation without explanation; Squyres asserts that this was inappropriate and reflected the court's belief that cases dealing with violation of sex crimes do not merit an alternative sentence. Authorizing a particular form of punishment is a far cry from mandating that it be considered, or that the jury be instructed that it be considered in a given case. *Dale v. State*, 55 Ark. App. 184, 935 S.W.2d 274, 278 (1996). The permissive tone of the language in Arkansas Code Annotated section 16-97-101(4) is unmistakable, *id.*, and Squyres has cited no authority to the contrary. We find no abuse of discretion by the trial court in refusing to instruct the jury on the alternative sentence of probation.

IV. *Refusal to Allow Argument that Squyres would have to Register as a Sex Offender*

In the sentencing phase of trial, defense counsel made the following request: "[T]hough it's not in the jury instructions, my thought is . . . that it is appropriate for the jury

10

to understand that by statute . . . [Squyres] will have to register as a sex offender." The trial court denied the request, stating:

> I understand your position in that. I'm curious. I'm actually on the Arkansas Criminal Jury Instruction Board. I'll bring that up next time. I'm concerned why we don't tell them. I guess there's lots of things we don't tell them, but I have never in my years as a prosecutor or in this job ever seen a jury instructed as to registration. So unless you can show me---

Counsel conceded that there was no jury instruction to inform the jury that Squyres would be required to register as a sexual predator, and he provided no case law to support his request to inform the jury of this fact. Likewise, on appeal, he concedes that there is no such jury instruction and he provides no case law or other authority to support his request.

Although Arkansas Code Annotated section 16-97-101(4) authorizes a trial court to instruct the jury on alternative sentences for which the defendant may qualify, nothing in the statute requires that the trial court inform the jury that mandatory registration as a sex offender will be a consequence of the conviction. *See Suggs v. State*, 2010 Ark. App. 571, at 9, 377 S.W.3d, 466, 466 (holding that the trial court did not abuse its discretion by refusing to instruct the jury on alternative sentences); *see also Dale*, 55 Ark. App. at 191, 935 S.W.2d at 278. It is well settled that Arkansas courts "will not consider an argument where the appellant presents no citation to authority or makes no convincing argument in support of his allegation of error." *Bailey v. State*, 334 Ark. 43, 55, 972 S. W.2d 239, 245 (1998) (holding that the trial court did not err in refusing to give proffered jury instruction). We hold that the trial court committed no error in refusing to allow the jury to be informed that Squyres would be required to register as a sex offender.

SLIP OPINION

Affirmed.

VAUGHT and BROWN, JJ., agree.

*Depper Law Firm, Inc.*, by: *Robert L. Depper, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Driver Younger*, Ass't Att'y Gen., for appellee.