N. MARK KLAPPENBACH, Judge
Appellant Jermaine Levert Hayes pleaded guilty to the first-degree battery of Kjuan Doucet that was committed on April 3, 2016. Appellant and Doucet were involved in a romantic rivalry over Ashley Stell, and appellant admittedly "slit [Doucet's] throat" with a serrated knife. Appellant's sentence was decided by a jury, and it sentenced him to twenty years in prison and a $10,000 fine. Appellant argues that the trial court abused its discretion by not instructing the jury to consider his proffered alternative-sentence jury instruction and that he suffered resulting prejudice. We affirm.
Arkansas Code Annotated section 16-97-101(4) (Repl. 2016) provides that the trial court, in its discretion, may instruct the jury that counsel may argue as to alternative sentences for which the defendant may qualify. The jury, in its discretion, then may make a recommendation as to an alternative sentence; this recommendation, however, shall not be binding on the court. Ark. Code Ann. § 16-97-101(4). The decision to allow alternative sentencing is reviewed for an *589 abuse of discretion. Hoodenpyle v. State , 2013 Ark. App. 375, 428 S.W.3d 547. This standard of review is a high threshold, requiring that a trial court not act improvidently, thoughtlessly, or without due consideration. Id. Mechanical imposition of the jury's recommended sentences, or an unwavering court policy refusing to instruct the jury on alternative sentences with respect to certain offenses, is not an exercise of discretion. Rodgers v. State , 348 Ark. 106, 71 S.W.3d 579 (2002) ; Squyres v. State , 2015 Ark. App. 665, 476 S.W.3d 839.
In this case, before evidence was presented to the jury on sentencing, jury instructions were discussed by the trial court and the attorneys. At that time, appellant's attorney asked, "Are you going to consider allowing a probation instruction?" The trial court replied, "Probably not. I usually wait until the end to see." Defense counsel stated that he had brought such an instruction and would wait until the end to bring it up again.
Witnesses testified and surveillance video of the attack was played for the jury. Before the jury was instructed and closing arguments were given, appellant's attorney requested that the jury be given "the probation instruction." The trial court denied the request, and appellant's attorney replied, "Okay." The trial court then noted that defense counsel did not have anyone present to talk about probation and parole other than defense counsel, which was tantamount to the defense attorney testifying and an improper basis for the jury's knowledge of that subject. The trial court ended with remarks that this jury instruction was not proper and would not be allowed. Defense counsel proffered its proposed instruction based on AMI Crim. 2d 9111, which informed the jury that it could recommend probation or a suspended sentence but that any recommendation would not be binding on the trial court.
Appellant argues on appeal that the trial court failed to exercise its discretion or abused its discretion when it refused to instruct the jury on alternative sentences. We disagree. Authorizing a particular form of punishment is a far cry from mandating that it be considered, or that the jury be instructed that it be considered in a given case. Squyres , supra ; Dale v. State , 55 Ark. App. 184, 935 S.W.2d 274 (1996). The permissive tone of the language in Arkansas Code Annotated section 16-97-101(4) is unmistakable in that the trial court has discretion and "may" give this instruction.
As the record reveals, this jury instruction was requested at the outset of this sentencing trial, the trial court replied that it usually waited until the end of such proceedings to consider it, and when requested at the end, the trial court rejected the instruction. The record demonstrates that the trial court exercised its discretion in this instance, and we see no abuse of that discretion.
Moreover, appellant cannot demonstrate that he was prejudiced by the trial court's refusal to instruct the jury to consider alternative sentencing. Absent a showing of prejudice, we will not reverse. Miller v. State , 97 Ark. App. 285, 248 S.W.3d 487 (2007). A person convicted of Class B felony first-degree battery is subject to punishment of five to twenty years in prison, up to a $15,000 fine, or both. See Ark. Code Ann. § 5-4-201(a)(1), § 5-4-401(a)(3), and § 5-13-201(c)(1) (Repl. 2013). In closing arguments, appellant's attorney argued for a fine-only sentence as the consequence of appellant's having admittedly "slit" a man's throat. The jury chose to sentence him to the maximum prison term for first-degree battery, plus a $10,000 fine, just shy of the $15,000 maximum. It strains credulity to argue that the jury would have recommended that appellant *590 be sentenced to probation or a suspended sentence had it been given the option. Compare Akers v. State , 2015 Ark. App. 352, 464 S.W.3d 483 ; Bell v. State , 2014 Ark. App. 458.
We conclude that there was no abuse of discretion by the trial court in refusing to instruct the jury on the alternative sentence of probation and that appellant failed to establish any prejudice from its omission.
Affirmed.
Harrison and Brown, JJ., agree.