Cite as 2019 Ark. App. 505

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-19-388

| | | |
|---|---|---|
| ASHLEY LYNNE HULL | | **Opinion Delivered:** October 30, 2019 |
| | APPELLANT | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 24OCR-17-201] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BILL PEARSON, JUDGE |
| | | AFFIRMED |

### MIKE MURPHY, Judge

Ashley Hull was convicted by a Franklin County Circuit Court jury of possession of a controlled substance (cocaine), a Class D felony, and sentenced to eight years' imprisonment as a habitual offender. She appeals her conviction, arguing that the evidence was insufficient to support the jury's finding that she purposely or knowingly possessed cocaine. We affirm.

On October 8, 2017, Arkansas State Trooper Johnathan Bass initiated a traffic stop on Hull's car due to obstructed tags. Upon approaching the vehicle, Bass noticed an "overwhelming" odor of marijuana coming from the inside of Hull's car. Given the circumstances, Bass informed Hull he was going to search the vehicle, at which point Hull informed him she had a small amount of cocaine in the vehicle. From her purse, she then produced a cigarette pack that contained a cellophane wrapper that had a white powder-

like substance inside. The chemist from the crime lab testified at Hull's jury trial that the substance was indeed cocaine. Hull did not testify, but in Bass's dash-camera footage, which was played for the jury, she explained that she found the cocaine in the backseat when she had cleaned her car earlier and that she intended to get rid of it but never did.

After deliberation, the jury returned a guilty verdict for the offense of possession of cocaine. Following the sentencing hearing, Hull was sentenced to eight years in the Arkansas Department of Correction. From this conviction, Hull now timely appeals.

Rule 33.1 of the Arkansas Rules of Criminal Procedure (2019) provides the following in relevant part:

> (a)     In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.
>
> . . . .
>
> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

It is well settled that Rule 33.1 is strictly construed, and a defendant's failure to adhere to the requirements of Rule 33.1(a) will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict. *Akram v. State*, 2018 Ark. App. 504,

2

at 2–3, 560 S.W.3d 509, 512. A general motion for directed verdict that merely asserts the State has failed to prove its case is inadequate to preserve a sufficiency challenge for appeal. *Id.*

Hull did not comply with the requirements of Rule 33.1 because she failed to move for directed verdict at any time during the jury trial. In fact, during closing arguments, Hull's counsel relayed to the jury, "I'd be a fool if I got up here and told you she wasn't guilty. You know she's guilty." Accordingly, we hold that her sufficiency argument is not preserved for our review.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*Ernie Witt*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.