Cite as 2020 Ark. App. 118

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-19-535

|  |  |
|---|---|
| JERRY MICHAEL TURLEY<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **OPINION DELIVERED:** FEBRUARY 19, 2020<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63CR-18-598]<br><br>HONORABLE GARY ARNOLD, JUDGE<br><br>AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Jerry Turley was convicted in the Saline County Circuit Court of nonsupport for which he was sentenced to 180 months of probation. On appeal, he argues that insufficient evidence supports his conviction. We affirm because he failed to preserve his argument for appellate review.

On March 15, 2019, Turley was tried on a charge of nonsupport totaling more than $25,000. Sherri Mitchell testified that she has three children with Turley and that Turley had been ordered to pay her $422 a month in support through the Office of Child Support Enforcement pursuant to an order entered on August 18, 2011.

Terry Daily, an employee of the Office of Child Support Enforcement, testified that Turley was ordered to pay $422 a month[1] and that payment was to be sent to the child-

---

[1]The amount was reduced to $359 a month for the two younger children once the oldest child had been emancipated.

support-enforcement clearing house. Daily stated that the last payment received was on December 23, 2014. Daily confirmed that Turley's driver's license has been suspended since 2014 because of his nonpayment of support. As of February 28, 2019, Turley owed $29,792.

After the State rested, Turley's counsel moved for a directed verdict as follows: "We'll move for a directed verdict saying the State has not met their burden." He also requested a directed verdict based on an alleged just-cause defense[2] that "Mr. Turley wasn't able to provide support because of the license suspension." The State responded with a brief summary of the testimony and evidence that had been presented, noted that there was no evidence that would excuse Turley's lack of payment, and asserted any defense related to the driver's-license suspension was a "fact issue for the jury." The motion was denied.

Turley testified, explaining his difficulties in getting work because of his suspended license. He did not dispute that he owed $29,792 and admitted that he is capable of working, such as physical labor. His basic claim was that he was denied the opportunity to pay the back child support because the State would not reinstate his driver's license. Turley's father, Danny Rothstein, and his sister, Ladonna Hughes, testified on Turley's behalf, corroborating his testimony that he attempted to pay back a large part of the child support owed but was denied the opportunity to do so.

After Turley testified, the defense rested, and counsel stated, "[W]e're going to renew our motion for our directed verdict based on the State has not met their burden of proof and also Mr. Turley was denied the opportunity to pay child support." The jury returned a

---

[2]Regarding the alleged just-cause defense, Turley abandoned that issue on appeal. *See, e.g., Hinton v. State*, 2019 Ark. 136, at 3 n.1, 572 S.W.3d 381, 385 n.1 (holding that issues raised below but not argued on appeal are considered abandoned).

unanimous guilty verdict on the charge of nonsupport, and Turley was sentenced to 180 months of probation.

Arkansas Code Annotated section 5–26–401(a)(2) (Repl. 2013) provides that a person commits the offense of nonsupport if he or she fails to provide support to a legitimate child who is younger than eighteen years old. Nonsupport is a Class B felony if the person owes more than $25,000 in past–due support pursuant to a court order or by operation of law. Ark. Code Ann. § 5–26–401(b)(2)(C). The statute provides an affirmative defense to a defendant who can establish just cause for the failure to provide support. *See* Ark. Code Ann. § 5–26–401(g). Turley makes a one-sentence argument alleging that the State failed to prove that he owes $25,000 or more on his child-support obligations.

In order to preserve a challenge to the sufficiency of the evidence in a jury trial, a criminal defendant must make a motion for directed verdict at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(a) (2019). A motion for directed verdict shall state the specific grounds therefor. *Daniels v. State*, 2018 Ark. App. 334, 551 S.W.3d 428. Without a circuit court's ruling on a specific motion, there is nothing for this court to review. *Id.* A defendant must make a specific motion for a directed verdict that advises the circuit court of the exact element of the crime that the State has failed to prove. *Jones v. State*, 2019 Ark. App. 219. Rule 33.1 is strictly construed, and a defendant's failure to adhere to the requirements of Rule 33.1(a) will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict. *Hull v. State*, 2019 Ark. App. 505. A general motion for directed verdict that

merely asserts the State has failed to prove its case is inadequate to preserve a sufficiency challenge for appeal. *Id.*

At trial, after Turley and other witnesses testified in his defense, defense counsel renewed the motion for directed verdict on the basis of a general allegation of lack of proof and an alleged just-cause defense. The State responded that Turley's own testimony was consistent with the evidence presented by the State as to his support obligation and as to the amount owed and again argued that any just-cause defense was a question of fact for the jury. The motion again was denied.

For the first time on appeal, Turley specifically argues that "[t]he prosecution failed to prove that Mr. Turley is $25,000 or more behind on his child-support obligations." We hold that this challenge to the sufficiency of the evidence is not preserved because the directed-verdict motion made below did not specifically allege that the State's proof was insufficient as to the amount of unpaid child support. Thus, due to lack of compliance with Ark. R. Crim. P. 33.1(a), Turley's claim is not preserved for appeal. *E.g.*, *Peoples v. State*, 2019 Ark. App. 559, at 5, 590 S.W.3d. 783, 786.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Jones Law Firm*, by: *Parker Jones* and *John A. Butler*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.