Cite as 2020 Ark. App. 495

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-19-939

| | |
|---|---|
| JONATHAN LEE KEISLER | **Opinion Delivered:** October 28, 2020 |
| APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT |
| V. | [NO. 30CR-18-228] |
| STATE OF ARKANSAS | HONORABLE CHRIS E WILLIAMS, JUDGE |
| APPELLEE | AFFIRMED |

## MEREDITH B. SWITZER, Judge

Jonathan Keisler was convicted by a Hot Spring County Circuit Court jury of one count of rape and sentenced to thirty years in prison. Keisler argues on appeal that the circuit court erred in denying his motions for directed verdict. We affirm because Keisler's argument is not preserved for appellate review.

A motion for directed verdict at a jury trial is considered a challenge to the sufficiency of the evidence. *Marbley v. State*, 2019 Ark. App. 583, 590 S.W.3d 793. In reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Barfield v. State*, 2019 Ark. App. 501, 588 S.W.3d 412. We will affirm a circuit court's denial of the directed-verdict motion if there is substantial evidence, either direct or circumstantial, to support the verdict. *Marbley*, *supra*. Substantial evidence is that which is of sufficient force

and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation and conjecture. *Barfield*, *supra*.

If a directed-verdict motion is made in a jury trial, Arkansas Rule of Criminal Procedure 33.1(a) (2019) requires that it be made both at the close of the State's evidence and at the close of all the evidence, and it must state the specific grounds on which the evidence is deficient. Failure to do so constitutes a waiver of any challenge regarding the sufficiency of the evidence to support the verdict. Ark. R. Crim. P. 33.1(c). A defendant must make a specific directed-verdict motion to advise the circuit court of the exact elements of the crime the State has failed to prove. *Turley v. State*, 2020 Ark. App. 118. Rule 33.1 is to be strictly construed. *Thomas v. State*, 2020 Ark. App. 307. A general motion merely asserting that the State failed to prove its case is inadequate to preserve a sufficiency-of-the-evidence argument for appeal. *Id*.

Keisler was charged with rape under Arkansas Code Annotated section 5-14-103(a)(2) (Supp. 2019), which provides, "A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age." At the close of the State's case, Keisler made the following motion: "Your Honor, at this time we would move for a directed verdict. That the State has failed to meet its burden to provide a preponderance of the evidence that Mr. Keisler actually committed the offenses of four counts of rape." The circuit court denied the motion. Keisler renewed the motion verbatim at the close of all the evidence, and it was again denied by the circuit court.

Keisler's motions for directed verdict do not comply with Rule 33.1 because they are general in nature and fail to enumerate the specific elements the State failed to prove. Keisler's motions amount to a blanket assertion that the State failed to prove its case, and they are inadequate to preserve his sufficiency-of-the-evidence argument for appeal. We therefore affirm his conviction.

Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*Louis L. Loyd*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.