Cite as 2021 Ark. App. 191

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-20-392

| | |
|---|---|
| CARLTON FARRIS <br> APPELLANT <br><br> V. <br><br> STATE OF ARKANSAS <br> APPELLEE | **Opinion Delivered** April 28, 2021 <br><br> APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-19-150] <br><br> HONORABLE ALEX GUYNN, JUDGE <br><br> AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

A Jefferson County jury convicted appellant Carlton Farris of aggravated robbery and theft of property. He was sentenced to fifty years' imprisonment in the Arkansas Department of Correction. On appeal, he argues that the circuit court erred in denying his directed-verdict motion as to his aggravated-robbery charge. We affirm.

On February 15, 2019, Farris attacked parole officer Sharron Lay in the aisle of an Ollie's Outlet in Pine Bluff. Farris stole Lay's purse, which had a Glock pistol inside.[1] Lay chased Farris until he pointed her pistol at her. Farris was arrested shortly thereafter at a nearby Taco Bell. He was charged with aggravated robbery, aggravated assault, and theft of property.

---

[1]Lay had a concealed-carry license, and her Glock 43 9mm was inside a concealed-carry purse.

Following a jury trial, Farris was acquitted of aggravated assault but was convicted of aggravated robbery and theft of property. The jury did not apply the use-of-firearms enhancement as provided by Arkansas Code Annotated section 16-90-120 (Supp. 2019). A sentencing order was entered on June 9, 2020, and an amended sentencing order was entered on June 24, 2020. Farris timely appealed.

His sole appellate argument is that the circuit court erred by denying his motion for directed verdict as to aggravated robbery. On appeal, Farris concedes that he committed a robbery, but he contends that the evidence at trial was not sufficient to support his conviction for aggravated robbery. Specifically, Farris asserts there was insufficient evidence that he was armed with a deadly weapon during the robbery or while resisting apprehension immediately afterward. The directed-verdict motion made at trial, however, was a general one and raised none of the specific claims Farris makes on appeal.

Arkansas Rule of Criminal Procedure 33.1(a) (2020) requires that a criminal defendant specifically advise the circuit court as to any particular deficiency in the State's proof. *Turley v. State*, 2020 Ark. App. 118, at 3 (holding defendant must make a specific motion for directed verdict that advises the circuit court of the exact element of the crime that the State has failed to prove). The Rule is strictly construed, and a defendant's failure to adhere to the requirements of Rule 33.1(a) will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict. *Id.* at 4; Ark. R. Crim. P. 33.1(c). A directed-verdict motion that merely asserts the State has failed to prove its case and does not inform the circuit court of any specific deficiency in the proof is inadequate

to preserve a specific issue for appeal. *Peoples v. State*, 2019 Ark. App. 559, at 5, 590 S.W.3d 783, 786.

Substantial evidence supported the verdict as well. A person commits aggravated robbery if he commits a robbery and is armed with a deadly weapon; represents by word or conduct that he is armed with a deadly weapon; or inflicts or attempts to inflict death or serious physical injury upon another person. Ark. Code Ann. § 5-12-103 (Repl. 2013). The jury was instructed that Farris committed aggravated robbery if, with the purpose of committing a theft or resisting apprehension immediately thereafter, he employed or threatened to immediately employ physical force upon Lay while he was armed with a deadly weapon or represented by words or conduct that he was so armed.

Farris argues that "[h]e was not armed with a deadly weapon when he committed the robbery by taking the purse [and, thus,] he was not guilty of Ark. Code Ann. § 5-12-103(a)(1)." The jury could have acquitted Farris of this charge or found him guilty of the lesser-included offense of robbery, but it did not do so. The jury expressly found that Farris was armed with a deadly weapon as part of its finding that he was guilty of aggravated robbery.

The elements of an aggravated-robbery conviction supporting the jury's verdict were established during Farris's attempt to evade apprehension in the immediate wake of the robbery. We defer to the jury's determination on matters of witness credibility. *E.g.*, *Squyres v. State*, 2015 Ark. App. 665, at 2, 476 S.W.3d 839, 841. Jurors do not and need not view each fact in isolation but rather may consider the evidence as a whole. *E.g.*, *id.* The jury is

entitled to draw any reasonable inference from circumstantial evidence to the same extent that it can from direct evidence. *E.g.*, *id.* at 2, 476 S.W.3d at 841–42.

It is well settled that we treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *E.g.*, *Hampton v. State*, 357 Ark. 473, 476, 183 S.W.3d 148, 150 (2004). Evidence is sufficient if it is substantial. *E.g.*, *id.* Substantial evidence is that which is of sufficient force and character that it will compel a conclusion without resort to speculation or conjecture. *E.g.*, *id.* On review, the evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *E.g.*, *id.*

We view the facts supporting the verdict and in the light most favorable to it. Here, Lay testified that in the wake of the robbery, she chased Farris out of the store and saw him take the gun out of her stolen purse at a dumpster behind the store. Lay's vehicle was parked nearby, and Lay knew Farris was aware he was being chased because they made eye contact several times.

Evidence supporting Farris's aggravated-robbery conviction also included the following: Lay testified that the chase ended when Farris paused to pull the stolen handgun out of the pocket of his hooded sweatshirt then pointed it at her. Lay testified that, knowing her Glock was loaded and being close enough to see Farris's finger on the trigger, she broke off the chase. She also knew the police were nearby and were responding.

Proof of an aggravated robbery focuses on the threat of harm to the victim; consequently, the offense is complete when physical force is threatened. *E.g.*, *Williams v. State*, 351 Ark. 215, 225, 91 S.W.3d 54, 60 (2002). Lay testified that she subsequently had

4

recurrent nightmares about Farris's pointing the weapon at her. Because substantial evidence was presented at trial of the offense of aggravated robbery, the circuit court was correct in denying Farris's motions for directed verdict. Accordingly, we affirm.

Affirmed.

HARRISON, C.J., and GRUBER, J., agree.

*Omar F. Greene*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.