Cite as 2026 Ark. App. 83

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CR-25-55

| | | |
|---|---|---|
| PAUL GILL | APPELLANT | Opinion Delivered February 11, 2026 |
| V. | | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-22-272] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE ROBERT B. GIBSON III, JUDGE |
| | | AFFIRMED |

**BART F. VIRDEN, Judge**

Paul Gill was convicted by an Ashley County Circuit Court jury of twenty-two counts of committing a terroristic act and one count of aggravated residential burglary. He was sentenced to ten years' imprisonment for each count of committing a terroristic act and forty years for the count of aggravated residential burglary, with all sentences running concurrently. On appeal, Gill argues that circuit court reversibly erred by failing to give the jury an alternative-sanction instruction regarding the terroristic-act charges at sentencing. We affirm.

I. *Relevant Facts*

At Gill's trial on June 25, 2024, the following evidence was presented. On November 11, 2022, after months of strained relations over a driveway, Gill and John Lowery, his neighbor and brother-in-law, got into a heated argument over a barbell left in the driveway. At the time of the argument, Lowery was in the driveway about to go pick up his wife (Gill's sister) at work and

leave town for the weekend. Lowery returned November 13, and as he was in the driveway getting his belongings out of the truck, he heard Gill's door slam. Lowery saw Gill approaching him with an AR-15 rifle, and Lowery ran to his house. Gill shot at Lowery as he reached his front door. Lowery ran inside and retrieved his shotgun from his bedroom. When he turned back toward the living room, he saw Gill standing inside the living room holding the rifle. Lowery shot Gill several times, then called the police as Gill lay on the floor incapacitated. In their search of Lowery's home, police officers found twenty-two shell casings that were later determined to match Gill's rifle. Additionally, Dr. Benjamin Silber testified that he evaluated Gill to determine whether he was fit to proceed to trial and to identify factors regarding Gill's criminal responsibility and any circumstances that mitigated the offense or possible punishment. Pursuant to his examination, Dr. Silber determined that Gill was psychotic at the time of the incident; however, Dr. Silber explained that he could not opine whether Gill was able to appreciate the criminality of his conduct and conform his behavior accordingly because Gill had no recollection of the event.

The jury convicted Gill of twenty-two counts of committing a terroristic act and one count of aggravated residential burglary. Before the sentencing hearing, Gill requested that the court give the jury instruction AMI Crim. 2d 9111, a closing instruction that presents possible alternative sentencing for the terroristic-act counts, namely probation or a suspended sentencing and a fine. The State objected to the alternative sentencing and the related forms, and Gill responded that "the legislature saw fit to make it possible for the alternative sentencing, so apparently, they think it's appropriate." The court ruled that "based on the totality of the case," including the forensic reports and Gill's mental-health history, this was not "a probation case."

The court found that presenting the jury with alternative probation instructions would be confusing because the aggravated-residential-burglary charge is not a probationary offense, and the court would not accept a recommendation of probation on the terroristic-act convictions under these circumstances. The court explained that "it would clearly confuse them because it's not an option in the (Class) Y (felony)," and the minimum sentence for aggravated residential burglary is ten years' incarceration. The court found that "even if they gave probation on the others, he would still go to the Department of Corrections[.]" The circuit court additionally considered the nature of the charge, the offense, and the extent of violence and found, "That's not something even on a first offense that the court would consider probation on."

Gill proffered the alternative sentencing instructions and verdict forms. The jury recommended ten years' incarceration on each terroristic-act charge and forty years' incarceration for the aggravated-residential-burglary count. The circuit court followed the recommendation. Gill timely filed his notice of appeal, and this appeal followed.

## II. *Discussion*

For his sole point on appeal, Gill contends that the circuit court reversibly erred by refusing to offer the alternative sentencing instruction proposing probation for each of the twenty-two counts of terroristic threatening. Gill contends that he suffered prejudice from this decision because the jury could have considered the alternative instruction and sentenced him to probation or less time overall. His argument fails.

Arkansas Code Annotated section 16-97-101(4) (Repl. 2016) provides that the circuit court may instruct the jury that counsel may argue as to alternative sentences for which the defendant may qualify. *See Hayes v. State*, 2018 Ark. App. 158, at 1–2, 544 S.W.3d 587, 588–89.

The jury then may make a recommendation as to an alternative sentence; however, this recommendation shall not be binding on the court. *Id.* The decision to allow alternative sentencing is reviewed for an abuse of discretion. *Id.* This standard of review is a high threshold, requiring that a circuit court not act improvidently, thoughtlessly, or without due consideration. *Id.* Mechanical imposition of the jury's recommended sentences or an unwavering court policy refusing to instruct the jury on alternative sentences with respect to certain offenses is not an exercise of discretion. *Rodgers v. State*, 348 Ark. 106, 71 S.W.3d 579 (2002).

In *Steele v. State*, 2014 Ark. App. 257, at 13, 434 S.W.3d 424, 432, the circuit court rejected the "proffered alternative sentencing instruction based on the sexual nature of the offense and the fact that some jurors cried over what they saw depicted in the images." Steele argued that the that the statute (distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child) provides that a person convicted of this crime is eligible for probation, and the circuit court erred by refusing the alternative instruction. We disagreed and held that

> [t]he trial court exercised its discretion by citing specific reasons for finding that an instruction on alternative sentencing was inappropriate, including the jurors' reactions to the images. Further, the trial court reasoned that the jury convicted Steele on all twenty counts and sentenced him to much more than the minimum punishment. The trial court concluded that it was unlikely that the jury would have recommended probation for Steele's possession of child pornography. Given the ultimate sentence imposed, it was also unlikely that the trial court would have accepted a non-binding recommendation of probation.

*Id.*

The same holds true here. As in *Steele*, the circuit court exercised its discretion by citing several specific reasons that the alternative instruction would not be appropriate here. The

circuit court stated that "the court does not consider this a probation case, and so it would be giving the jury something to consider that the court would not accept." The court noted that probation was not an option for the aggravated-residential-burglary charge of which Gill also was convicted; thus, jury instructions regarding probation for the terroristic-act convictions were impractical. As in *Steele*, the court also considered the violence of Gill's actions. Regarding prejudice, even if the court erred, no prejudice resulted. The jury recommended ten-year sentences on each count of committing a terroristic act.[1] The minimum sentence for that crime is five years, and the jury recommended a sentence of more than the minimum; thus, the jury would not have recommended probation if the instruction had been offered. On the aggravated-residential-burglary conviction, Gill was sentenced to forty years for a crime that carries a ten-year minimum prison sentence, making the alternative sentencing instruction even more irrelevant. We hold that the circuit court did not act improvidently, thoughtlessly, or without due consideration in rejecting the alternative sentencing instruction. Accordingly, we affirm.

Affirmed.

KLAPPENBACH, C.J., and MURPHY, J., agree.

*Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.

---

[1]Terroristic act is a Class B felony that carries a sentencing range of not less than five years nor more than twenty years of imprisonment. Aggravated residential burglary is a Class Y felony, and the sentence shall be not less than ten years and not more than forty years, or life. Ark. Code Ann. § 5-4-401 (Repl. 2024).